[No. 6236.]

## LACE V. THE PEOPLE.

1. **Practice in Criminal Cases—Confidence Games—Information —Sufficiency—Constitutional Law—Statutory Construction.**

An information charging that the defendant, at a certain time and place, "did then and there unlawfully and feloniously obtain from one E. the sum of $370 in money of E., by means and use of the confidence game," charges the offense in the form prescribed in § 1333, Mills' Ann. Stats., and is good; and neither the information nor the statute is obnoxious to § 16, art. 2, Colo. const., as not advising the accused of "the nature and cause of the accusation" against him.—P. 202.

2. **Constitutional Law — Statutory Construction — Provisions Adopted from Another State—Rule of Construction.**

When a state adopts the constitutional or legislative provisions of another state, it also adopts the construction given to such provisions by the decisions of the court of the state from which they are taken.—P. 203.

3. **Information—Bill of Particulars—Discretion of Court.**

It is a matter within the discretion of the trial court whether the state shall furnish a bill of particulars in a particular case, and it is not an abuse of such discretion for the court to refuse such a request where the information follows the form prescribed in § 1333, Mills' Ann. Stats.—P. 203.

4. **Statutory Construction — New Statute Covering Old One — Effect.**

Where a new statute covers the entire subject-matter of an old one, and provides a different remedy, the latter repeals the former by implication.—P. 204.

5. **Statutory Construction—Repeals by Implication Not Favored.**

Section 1332, Mills' Ann. Stats., provides for the punishment of one who obtains or attempts to obtain money or other property by means of what is commonly called confidence games; while section 1339 defines what constitutes a confidence man; and section 1401 provides the punishment to be inflicted upon a person convicted of being a confidence man. Held, that repeals by implication are not favored, and that the legislature, by adopting section 1339, supra, did not intend to in any manner modify or repeal section 1332.—P. 204.

*Error to the District Court of Mesa County.*
*Hon. Sprigg Shackleford, Judge:*

James G. Lace was convicted of obtaining money by means of the confidence game, and brings error.

*Affirmed.*

Mr. A. H. Davis and Messrs. Skelton & Morrow, for plaintiff in error.

Mr. William H. Dickson, attorney general, and Mr. George D. Talbot, assistant attorney general, for the people.

The plaintiff in error was prosecuted under section 1332 of Mills' Ann. Stats., which reads as follows:

"Every person who shall obtain, or attempt to obtain, from any other person or persons any money or property by means or by the use of brace faro, or any false or bogus checks, or by any other means, instrument or device, commonly called confidence games, shall be liable to indictment, and on conviction shall be punished by imprisonment in the penitentiary for any term not less than one year nor more than ten years."

The information charges the accused with the offense in the form prescribed in section 1333 of the statute. Omitting its formal parts, it is as follows:

"That James G. Lace, late of Mesa county, state of Colorado, on or about the 19th day of February, A. D. 1906, at and within the county and state aforesaid, did then and there unlawfully and feloniously obtain from one Edward F. Eldridge the sum of $370.00 in money of E. F. Eldridge, by means and use of the confidence game."

A motion to quash the information on the ground that it did not advise the defendant of the nature and cause of the accusation against him was overruled.

A motion to require the prosecution to furnish the defendant a bill of particulars specifying the nature and cause of the accusation against him was also overruled.

Upon trial the defendant was found guilty as charged in the information. A motion for a new trial was overruled, and he was sentenced to serve a term of from five to seven years in the penitentiary.

To this sentence and judgment this writ of error is prosecuted.

Numerous errors are assigned upon the rulings of the court below which, taken as a whole, present the following reasons, upon which counsel for plaintiff in error relies for a reversal:

(1) That the information is too indefinite and uncertain to advise him of the nature and cause of the accusation against him.

(2) Section 1333, prescribing the form of indictment or information for the offense mentioned in section 1332, is in conflict with article 2, section 16, of the constitution of the state of Colorado, which provides that the accused shall have the right to demand the nature and cause of the accusation against him, and the information cannot be sustained under and by virtue of the provisions of said section 1333.

(3) That the court erred in not requiring the prosecution to furnish to defendant a bill of particulars, stating specifically the nature and cause of the accusation against him.

(4) That section 1332 was repealed by section 1399 of Mills' Ann. Stats.

(5) Error in the admission of evidence, and the insufficiency of the evidence to support the verdict.

Mr. JUSTICE GODDARD delivered the opinion of the court:

1. The first and second propositions advanced

by counsel for plaintiff in error that the information, although it is in conformity with the provisions of section 1333, is obnoxious to section 16, article 2, of the constitution in that it is too indefinite to advise the accused of "the nature and cause of the accusation" against him, is well answered by the reasoning of Chief Justice Breese in *Morton v. The People*, 47 Ill. 468-474, wherein the validity of a statute of the state of Illinois, identical in its terms with section 1332, and providing that the same form of indict-ment as prescribed in section 1333 sufficiently described the offense charged, was challenged because it was in violation of section 9, article 13, of the constitution of that state, which is identical with section 16, article 2, of our constitution. At page 473 he uses this language:

"It is insisted by the counsel for the plaintiff in error that the accused cannot know, from this indictment, the exact charge against him, and the outer lines within which the evidence must be confined, and cannot know what evidence he will be required to meet; nor could a conviction under this indictment be pleadable in bar of another indictment for the same offense; nor can the court see in it that a legally defined crime has been committed. They insist that the term, 'confidence game,' has no definition 'in law or literature,' and that 'no fifty men can be found who will define alike the confidence game.' They further insist that the indictment should specify all the facts with such certainty that the offense may judicially appear to the court."

After quoting the sections of the statute defining the offense and prescribing the form of the indict-ment, he further said:

"The nature and character of the so-called confidence game has become popularized in most of the cities and large towns, and even in the rural districts,

of this broad Union, and is well understood, and this defendant was distinctly apprised by the indictment of what he was called upon to defend. The accusation is sufficiently identified by the name of the victim. This name must appear in every indictment on this statute, and appearing there, no second indictment for the same offense could be successfully prosecuted. The conviction on this indictment could be always pleaded in bar of a second. We are of opinion that the offense is so set forth in the indictment that the accused can be at no loss to know what it is with which he is charged, and can so prepare his defense.''

The statute was upheld. The views expressed by Chief Justice Breese were expressly approved and the same statute was upheld in the subsequent cases of *Maxwell v. The People,* 158 Ill. 248, and *Du Bois v. The People,* 200 Ill. 157.

Not only because of its satisfactory reasoning, but also because of the well-settled rule that when a state adopts the constitutional or legislative provisions of another state, it also adopts the construction given to such provisions by the decisions of the courts of the state from which they are taken, we accept the rule announced by the Illinois courts as correctly expressing the law applicable to the question before us, and as conclusive that the first and second propositions advanced by plaintiff in error are untenable.

2. We think the third ground relied on is equally without merit. It is well settled that it is a matter within the sound discretion of the trial court whether the state shall be compelled to furnish a bill of particulars in any particular case, and we do not think that the court abused its discretion in refusing to require the prosecution to furnish a bill of particulars to the plaintiff in error in this case.

If, as said by Chief Justice Breese fifty years ago, the nature and character of the so-called confidence game was well understood, it is certainly well and generally understood at the present day to be as defined in Webster's International Dictionary, as follows: "Confidence game is any swindling operation in which advantage is taken of a confidence reposed by the victim in the swindler."

The evidence in this case shows a transaction on the part of the plaintiff in error which comes clearly within this definition, and it would be a useless ceremony to furnish him with a bill of particulars, since he was distinctly apprised by the information that the particular transaction relied on as constituting the confidence game, was that through and by which he obtained three hundred and seventy dollars of E. F. Eldridge, at the time and place mentioned. It is, therefore, manifest that he was in no way prejudiced by the refusal of the court to require the prosecution to furnish him with the particulars of the same.

3. Counsel cite us to many authorities in support of their contention that section 1332 is repealed by section 1399. It will not be controverted that when a new statute covers the entire subject-matter of an old one and provides a different remedy, that the latter repeals the former by implication, but this rule is not applicable here. The sections differ in terms, and were each adopted for a different purpose. Section 1332 provides for the punishment of one who obtains or attempts to obtain money or other property by means of what is commonly called confidence games; while section 1399 defines what constitutes a confidence man, and section 1401 provides the punishment to be inflicted upon a person convicted of being such confidence man. Repeals by implication are not favored, and we think by adopt-

ing section 1399 the legislature did not intend to in any manner modify or repeal the former statute.

4. We have carefully examined the errors assigned upon the ruling of the court in admitting evidence, and also considered the sufficiency of the evidence to support the verdict, and without noticing these objections in detail, suffice it to say that we think the evidence, properly admitted, discloses a swindling operation in which advantage was taken by plaintiff in error of the confidence reposed in him by Eldridge, to deliberately swindle him out of three hundred and seventy dollars.

Perceiving no error in the record, the judgment is affirmed.                                          *Affirmed.*

Decision *en banc*, Mr. JUSTICE MAXWELL not participating.