## No. 10,426.

## HENRY v. THE PEOPLE.

Decided September 11, 1922.

Plaintiff in error was convicted of obtaining property by false pretenses.

*Affirmed.*

*On Application for Supersedeas.*

1. APPEAL AND ERROR—*Practice.* Assignments of error based on questions not raised before nor submitted to the trial court for decision, will not be considered on review.

    Neither will they be considered where there is a lack of proper objections and exceptions in the court below.

    Rulings of the trial court involving the exercise of judicial discretion, which was not abused, will not be disturbed on review.

2. EVIDENCE—*General Objection.* A general objection to testimony in the trial court, is not sufficient to authorize a review on a specific objection to the same matter, first made in the appellate court.

3. APPEAL AND ERROR—*Harmless Error.* Where no prejudice resulted to a defendant in a criminal case by reason of rulings of the trial court, upon which error is assigned, the judgment will not be disturbed.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Messrs. IRWIN & FRIEND, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. FORREST C. NORTHCUTT, assistant, for the people.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE defendant was convicted of the crime of obtaining from the prosecuting witness, by fraudulent pretenses, an automobile of the value of fifteen hundred dollars, and twenty-five dollars in money. The attorneys of defendant, who appear here, were not present at the trial in the district court, and, of course, are not responsible for the state of the record before us.

The errors assigned and relied on for a reversal are: (1) Insufficiency of the evidence; (2) admitting the testimony of the People's witness Green; (3) admitting in evidence the certificate of a recorder of deeds; (4) receiving testimony of other similar offenses; (5) permitting the People to re-open its case after defendant's evidence was in.

In the light of the evidence in the record, there is no merit whatever in any of the assigned errors. But, if errors were committed, they cannot, under our practice, for lack of proper objections and exceptions, be rectified here. Some of the questions argued here were not raised at the trial, or submitted to the trial court for decision. Other rulings involved the exercise of judicial discretion, which was not abused. There was only one objection made by defendant's counsel during the entire trial, and that was an insufficient, general objection of the incompetency of the witness Green's admitted testimony. This general objection was not sufficient to authorize a review of the specific objection here made, even if such is its character, that it was hearsay testimony. The testimony was both material and competent. But it is not hearsay, and is the only kind of evidence by which could be proved the non-existence of the land, an issue at the trial, which the defendant gave in exchange for the automobile and money of the prosecuting witness. The evidence overwhelmingly sustains the verdict. The instructions were fair and not objected to. No prejudice could have resulted to the defendant by any of the rulings complained of. The defendant had a fair trial and is unquestionably guilty. The ap-

plication for *supersedeas* is denied and the judgment is affirmed.

MR. JUSTICE TELLER sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE BURKE concur.