No. 10,593.

SARNO v. THE PEOPLE.

Decided February 4, 1924.

Plaintiff in error was convicted of the crime of rape.

*Affirmed.*

1. CRIMINAL LAW—*Information.* It is not necessary that a criminal information follow the exact language of the statute. It is sufficient that the offense be charged in language from which the nature of it may be readily understood by the accused and the jury.

2. APPEAL AND ERROR—*No Objection Below.* Objections not made at the trial, will not be considered on review.

3. CRIMINAL LAW—*Separate Counts—Election.* Under the provisions of section 7065, C. L. '21, several charges against a person for acts connected together, or where the offenses are of the same class, may be joined in separate counts in the same information. While an election may be compelled, if found necessary to protect the rights of the accused, that is a matter of the court's discretion.

4. *Evidence—Similar Acts.* Where in a criminal case evidence was admitted of different acts of the same kind constituting several offenses, it is held no error was committed, it appearing that the acts were all a part of a single transaction.

5.   *Severance—Evidence Admissible Against One and Not Against
     Another Defendant.*  There is no prejudicial error in the over-
     ruling of a motion for a separate trial on the ground that
     there would be evidence competent against one defendant and
     not admissible against another, where the trial developed no
     such evidence.

6.   APPEAL AND ERROR—*Instructions—Objections.*  An instruction to
     which no specific objection was made, so that the trial court
     could correct it if erroneous, will not be reviewed.

*Error to the District Court of the City and County of
Denver, Hon. H. E. Munson, Judge.*

Mr. W. E. FOLEY, Mr. T. E. MCINTYRE, for plaintiff in
error.

Mr. RUSSELL W. FLEMING, Attorney General, Mr.
HAROLD CLARK THOMPSON, Assistant, for the people.

*Department Three.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the
court.

PLAINTIFF in error, hereinafter called defendant, was
convicted on both counts of an information, one charging
rape, and the other the crime against nature.

The information, in the first count, charged defendant
with an assault on, and with having carnal knowledge of,
one Mrs. Thomas, forcibly and against her will; she not
being the wife of the accused. The second count charged
him with committing the crime against nature on the same
woman. One Longo was charged jointly with the plaintiff
in error in both counts. Sarno was found guilty on both
counts, and brings error.

It is contended that the first count is invalid because,
it is said, it follows section 1648, R. S. 1908, for which
chapter 165 of the Laws of 1907, has been substituted.
In C. L. 1921, the first mentioned statute is omitted, the
compilers apparently considering the section repealed. As
the latter statute covers the whole subject, it may well be
that section 1648 is no longer in force. That, however,

does not render the count invalid. The third paragraph of section one, and section two of the act define rape in the first degree, and this first count includes every element of the crime as there specified. It is not necessary to follow the exact language of the statute. It is sufficient that the offense be charged in language from which the nature of it may be readily understood by the accused and the jury. *Tracy v. People,* 65 Colo. 226, 176 Pac. 280.

It is next urged that there was error in joining the two counts in one information, and in including both Sarno and Longo in the same counts. As to the latter objection, it is sufficient to say that the record shows no objection, made at the trial, on that ground.

Upon the first point counsel insist that the court should, *sua sponte,* have ordered the state to elect upon which count it would proceed. No case is cited to this effect, and it has frequently been held that a motion to compel an election is directed to the discretion of the court. *Roberts v. People,* 11 Colo. 213, 17 Pac. 637.

It does not appear that such motion was made in this case. The joinder of the two counts is attacked, and many cases cited against the practice. They are, however, cases where offenses of different classes, or committed at different times and places, were charged in one indictment.

The situation here is quite different, and comes under the provisions of section 7065, C. L., 1921, which authorizes the joining, in separate counts, in one information of several charges against a person for acts connected together, or where the offenses are of the same class. Doubtless under this statute, as at common law, the court can compel an election if found necessary to protect the rights of the accused; but, as above stated, that is a matter of the court's discretion.

The evidence in this case clearly shows that the two offenses were closely connected in time and place, forming, in fact, parts of one continuous transaction. Moreover, the cases cited by the Attorney General fully establish that such joinder was permissible at common law.

Objection is made, also, that evidence was admitted of several acts of the same kind, constituting several offenses, for which defendant should not have been tried on a charge of one offense. No objection was made on that ground at the trial, and, as these acts were all a part of a single transaction, an account of which could not well be related without the whole story appearing, it cannot be said that error was committed in that respect.

It is said that the motion for separate trial should have been granted, because evidence competent against one might be admissible which was not admissible against the other. The trial developed no such evidence, and there is, therefore, no ground for alleging prejudicial error. *Stone v. People,* 71 Colo. 162, 167, 204 Pac. 897.

The objection to the instructions are general, made, as counsel for defendant said, "to preserve the record." In none of them was the ground of objection stated. An instruction to which no specific objection is made, so that the court may make correction, if erroneous, will not be considered. *National Fuel Co. v. Green,* 50 Colo. 307, 324, 115 Pac. 709; *Modern Woodmen v. White,* 70 Colo. 207, 218, 199 Pac. 965, 17 A. L. R. 393.

Finding no error in the record, the judgment is affirmed.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.