Opinion by
Mr. Justice Moore.
*366 Plaintiff in error, to whom we will refer as defendant, was convicted of the crime of confidence game and after his motion for new trial was denied he was sentenced to a term of not less than five nor more than ten years in the state penitentiary.
The single point argued as ground for reversal on behalf of the defendant is that the evidence admitted upon the trial was insufficient to establish that defendant committed the crime of confidence game. No evidence was offered by defendant who rested immediately following the action of the trial court denying his motion for a directed verdict made at the conclusion of the evidence offered by the people.
The evidence, in brief, was that defendant -stole three checks from the business office of the Olin hotel in Denver; that one of said checks made payable to the hotel, drawn by an insurance company in payment of a loss suffered by the hotel, was endorsed by defendant and delivered to James Dikeou in payment of the purchase price of a quantity of cigarettes; that at the time of the transaction defendant falsely represented to Dikeou that he was the man in charge of the food department at the Olin hotel and was purchasing the cigarettes for use there since there were no cigarette machines on the premises. The tendered check was for $176.38. Dikeou, who stated that he relied upon the genuineness of the check and the representations made by defendant, delivered $26.00 worth of cigarettes to him and gave him the balance in cash. It was established by the evidence that defendant had no authority to endorse the check. Upon discovery of the theft of the check payment was stopped thereon.
In McBride v. People, 126 Colo. 277, 248 P. (2d) 725, we find the following language relating to the crimé of confidence game:
“The essence of the offense is the plan and phrpose of the perpetrator to swindle another of his money or property. To swindle is to trick and cheat another of *367 his possessions by falsehood, cunning or conniving scheme. ‘Confidence game is any swindling operation in which advantage is taken of a confidence reposed by the victim in the swindler.’ Lace v. People, 43 Colo. 199, 204, 95 Pac. 302. Any plan or scheme of trickery wherein any false token or thing is made use of to accomplish the intended result constitutes a ‘confidence game.’ No single definition can cover the range of possibilities of this offense, for they are as ‘various as the mind of man is suggestive.’ Kelly v. People, 121 Colo. 243, 251, 252, 215 P. (2d) 336, citing with approval in this connection, Powers v. People, 53 Colo. 43, 123 Pac. 642; Elliott v. People, 56 Colo. 236, 138 Pac. 39; Pfeiffer v. People, 106 Colo. 533, 107 P. (2d) 799. Each instance depends upon its own peculiar facts and circumstances. The gravamen of the offense is not so much by what means was the victim filched, but the intent of the perpetrator in effecting his unrighteous objective.”
In Elliott v. People, 56 Colo. 236, 138 Pac. 39, it was said that the offense of confidence game: “ * * * is. not limited to obtaining money by means of brace faro, loaded dice, marked cards, or false or bogus checks, but includes all swindles perpetrated by any device which is deceitful and illegitimately used to gain the confidence of the person thereby defrauded.”
The check in the hands of defendant bearing his unauthorized endorsement was a bogus check and a false token or thing made use of by him to accomplish the result of swindling Mr. 'Dikeou.
The judgment is affirmed.
Mr. Justice Sutton and Mr. Justice Day concur.