No. 21125.

JAMES DEE BRADLEY *v.*
THE PEOPLE OF THE STATE OF COLORADO.
(403 P.2d 876)

Decided July 6, 1965.

W. H. Moulton, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Aurel M. Kelly, Special Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Chief Justice Pringle.

Plaintiff in error, James Dee Bradley, hereinafter called Bradley, and three others were charged by information with larceny, burglary, conspiracy to commit larceny and conspiracy to commit burglary. Bradley pleaded not guilty. Upon trial by jury, he was found guilty on all four counts.

Testimony produced by the People established that on the morning of December 17, 1962, at about 4:00 A.M., one Floreth, a hardware merchant in Byers, Colorado, was awakened by noises in his store. He saw two men carrying some merchandise out of the store to a car parked at the back door. Floreth thereupon fired four shots from a .22 caliber rifle. The figures he saw dropped what they were carrying, got into the car and drove away. He described the car as a 1951 or 1952 Pontiac with a two-tone finish.

Sometime later in the day, the car matching the description given by Floreth was found in a field near

Strasburg, Colorado. There was a bullet hole in the windshield and a spent bullet found on the floor. A ballistics expert testified that the bullet came from the rifle fired by Floreth.

A farmer living in the vicinity of Strasburg testified that on the evening of December 17, 1962, he had driven four young men, one of whom he identified as the defendant, to Strasburg after they had informed him that their car had broken down in a field.

One Larry McKinney testified that he owned the 1951 Pontiac; that he, the defendant, and two others drove to Byers on December 17, 1962; that they broke into the hardware store located there; that they took some items from the store; that someone shot at them and they drove away; and that they abandoned the car about three or four miles from Byers.

One William Vickery testified that he, the defendant, and two others broke into the hardware store in Byers; that they were surprised during the commission of the act and thereupon fled; that the car in which they had been riding was thereafter abandoned on a country road; that the four of them walked until they came to a farmer's house; and that this farmer drove them into Strasburg.

Bradley testified that he came to Denver from Fairplay the weekend of the burglary; that he was with his co-defendants part of the weekend; but that on the night of the burglary he was in an after-hours bar. He refused to disclose the name of the bar, or the people he had been with or even where he had stayed on the night in question.

It is Bradley's contention that the trial court erred (1) in admitting evidence with respect to the use of the rifle by the owner of the store; (2) in refusing his tendered Instruction No. 9 dealing with the effect of testimony of an accomplice; and (3) in not dismissing the conspiracy counts against Bradley since the district attorney dismissed the conspiracy counts against the others

involved after they had pleaded guilty to the substantive crime.

█ In the course of the trial, Bradley objected to the admission of any evidence concerning the firing of the rifle at the men carrying off the stolen merchandise. He contended that such evidence was immaterial to the crime charged and could only serve to improperly prejudice the jury. The district attorney, thereupon, stated that his purpose was to identify the get-away car by showing that a bullet from the rifle was found in the car. He then proceeded to prove that very fact. We hold that the evidence adduced was material and germane to the issue and properly admissible.

Bradley now contends that since it developed that the district attorney had other evidence to identify the car in question it was therefore reversible error to permit the admission of evidence of the firing of the rifle at the car and the spent bullet found therein. There is no merit to this contention.

██ It is fundamental that so long as evidentiary matter is relevant and material to the proof of a necessary element in the case, its admission into evidence is not error merely because it may be cumulative. It is not for the defendant under our system of law to choose the evidence which he would have the prosecution introduce to prove an issue. Authorities cited by counsel on this point all deal with the question of whether testimony of the possession by a defendant at the time of arrest of items having nothing to do with the crime charged may be admitted. To state the point at issue in those cases is to immediately demonstrate the inapplicability of those cases to the situation here.

Bradley's position with respect to the instruction regarding accomplice testimony is basically that the testimony of the accomplices was not so clear and convincing as to show guilt beyond a reasonable doubt, and that since corroboration is required under such circum-

534

stances, the testimony of one accomplice will not corroborate that of another.

■■ The well-settled law in this state is that the testimony of an accomplice need not be corroborated if, standing alone, it is sufficiently clear and convincing to establish guilt beyond a reasonable doubt. *Solander v. People,* 2 Colo. 48; *People v. Boutcher,* 89 Colo. 497, 4 P.2d 910; *Mendelsohn v. People,* 143 Colo. 397, 353 P.2d 587. The accomplices unequivocally placed Bradley as participating in the crime; we cannot say that as a matter of law their testimony was not clear and convincing. Under such circumstances whether their testimony required corroboration became a question for the jury. *Bowland v. People,* 136 Colo. 57, 314 P.2d 685. Moreover, there was circumstantial evidence placing Bradley in the company of the accomplices during the act of commission. We have said that circumstantial evidence is sufficient to meet the requirement of corroboration where such is necessary. *Bush v. People,* 68 Colo. 75, 187 Pac. 528.

■■ Bradley's final argument is that dismissal of the conspiracy charges against his accomplices, after they had pled guilty to the substantive crime, required a dismissal as against him. It is axiomatic that a district attorney need not inform against the other conspirators. *Wright v. People,* 113 Colo. 224, 156 P.2d 123. It is true that an acquittal of all alleged conspirators but one renders a verdict of guilty invalid as to him since he cannot conspire with himself. *Mendelsohn v. People, supra.* In the instant case there was no judgment of acquittal or dismissal against the conspirators other than Bradley, but a dismissal before trial at the request of the district attorney. In such a posture, the situation is as though no charge of conspiracy had ever been filed against any of the conspirators other than Bradley.

The judgment is affirmed.

Mr. Justice Day and Mr. Justice Schauer concur.