No. 21484.

Richard Warren Silva *v.* The People of the
State of Colorado.
(407 P.2d 38)

Decided October 25, 1965.

Roger M. Breyfogle, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, George E. DeRoos, Assistant, for defendant in error.

*En Banc.*

Mr. Chief Justice Pringle delivered the opinion of the Court.

The plaintiff in error, Richard Warren Silva, brings writ of error here from a conviction of the crime of felonious escape. He will be referred to as the defendant, or by name.

The evidence showed that on September 11, 1961, Silva was sentenced on two separate convictions of burglary, the court imposing a sentence in the state penitentiary of three to five years on one conviction, and of two to five years on the other. It was ordered

that the two sentences run consecutively. Silva entered the prison on October 11, 1961. On July 28, 1963, while assigned to the Medium Security Division of the penitentiary, he escaped. He was found and returned to the penitentiary the next day.

Based on these events, Silva was charged with the crime of escape by a felon, under Chapter 111, p. 331, Session Laws of 1963, now C.R.S. 1963, 40-7-53. The jury found him guilty, and he was sentenced to a three to five year term in the penitentiary, to run consecutively with his previous sentences.

In addition, because of his escape, Silva received disciplinary punishment, under the terms of C.R.S. '53, 39-18-4(2) and C.R.S. '53, 105-4-6, which provide respectively, that:

"No prisoner confined in the state prison and no prisoner under sentence to the state prison who has escaped * * * from the prison * * * may be paroled or discharged until he has served at least two calendar years from and after the date of his return to the prison * * * and during such two years such prisoner shall not be credited with any good time whatsoever."

\* \* \*

"If any convict shall escape * * * from the penitentiary, he shall forfeit all deductions from the time of his sentence which he shall have earned under sections 105-4-4 and 105-4-5. * * *"

Three arguments have been presented for our determination: (1) the imposition of a sentence for the crime of escape, and the enforcement of the terms of C.R.S. '53, 39-18-4(2) and C.R.S. '53, 105-4-6 constitute dual punishment for a single act; (2) the prosecution failed to identify the defendant as the same Richard Warren Silva sentenced to the penitentiary from the Denver District Court; and (3) it was error to allow evidence of two prior convictions of the defendant, when only one was necessary to prove the crime of escape.

At the outset, we note that the statutory declaration

that the escapee shall not be discharged for two years after his return will not cause Silva to be held past the maximum length of the two sentences he received for the convictions of burglary. Under these sentences, he was given a maximum term of ten years. Since he entered the penitentiary on October 11, 1961, the full term would run to October 11, 1971. He contends here that the denial of eligibility for parole for two years, the denial of eligibility to accumulate good time for two years, and the loss of previously accumulated good time is punishment which, together with the sentence for the crime of escape, would constitute dual punishment for a single act, escape. We do not agree.

Acts authorizing the parole of convicts are only an exercise of the power of discipline possessed by the state, implemented through the legislature. Parole is a privilege, and no prisoner is entitled to it as a matter of right. *Trueblood v. Tinsley,* 148 Colo. 503, 366 P.2d 655; *Berry v. State Board of Parole,* 148 Colo. 547, 367 P.2d 338. Thus, a legislative determination that an escapee shall not be eligible for parole or the accumulation of good time for a certain period is not an additional punishment. Rather it is a declaration under the state's disciplinary power that the state will not confer on a prisoner who escapes the privilege of early release from the penitentiary, and that the prisoner must continue to serve under his original sentence for a stated period until he can again be considered for the privilege of release before his sentence expires. See *United States ex rel. Kloiber v. Myers,* 237 F. Supp. 682. It follows then that the action provided for under C.R.S. '53, 39-18-4(2) and C.R.S. '53, 105-4-6, does not constitute punishment for the substantive crime interdicted by C.R.S. 1963, 40-7-53, but is rather an administrative disciplinary sanction imposed on a prisoner for breaking rules of the prison. Double jeopardy or double punishment for the same crime is therefore not involved.

Silva's second argument is that, granting that the

prosecution showed that one Richard Warren Silva was sentenced to the penitentiary from the Denver District Court, the evidence was insufficient to identify the defendant here as the same Richard Warren Silva.

 The prosecution introduced two exhibits, A and B, each containing a document sentencing Richard Warren Silva to the penitentiary for burglary, a mittimus commanding the Manager of Safety to take Richard Warren Silva to the penitentiary, and a certified statement of the warden of the penitentiary that Richard Warren Silva had been delivered to his custody on October 11, 1961. Fred Wyse, Associate Warden of the penitentiary, testified that the defendant was an inmate of the penitentiary prior to his escape, and was being held under the two mittimuses mentioned. Walter Roche, the Shift Lieutenant of the Medium Security Division, testified that the defendant had been an inmate of the Medium Security Division prior to his disappearance on July 28, 1963. This evidence was certainly sufficient to create a prima facie case that the defendant was the Richard Warren Silva sentenced by the Denver District Court. The defendant offered no evidence to contradict the prosecution's case, and the jury was therefore justified in finding that his identity was proved. See *State v. Bolds,* 244 Iowa 278, 55 N.W.2d 534.

By his last argument, Silva contends that the prosecution's proof of the two convictions by the introductions of two mittimuses was cumulative evidence and prejudicial to him because proof of only one conviction would have sufficed to prove its case.

 Generally, the admission or rejection of cumulative evidence is within the trial court's discretion, and its ruling will not be held erroneous by an appellate court unless an abuse of discretion clearly appears. *Woods v. Commonwealth,* (Ky.) 305 S.W.2d 935; *State v. Tompkins,* (Mo.) 277 S.W.2d 587; 3 Wharton, *Criminal Evidence,* § 843 (12th ed. 1955). The two burglary

sentences were to be served consecutively. It was necessary to show both sentences in order to establish the authority by which Silva was being held at the time of his escape. The proof of 'both convictions had materiality under the circumstances of this case, and the trial court did not abuse its discretion in admitting the evidence. There was no error.

The judgment is affirmed.