No. 21635.

Carl Melvin Marshall, Jr. *v.* The People of the
State of Colorado.
(417 P.2d 491)

Decided August 8, 1966.

WALTER F. SCHERER, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, AUREL M. KELLY, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

AN information charging confidence game, conspiracy to commit confidence game, false pretenses and conspiracy to commit false pretenses was filed against Carl M. Marshall, Jr., referred to herein as defendant, and against one Bardin and one Wheeler.

The defendant was granted a separate trial and was convicted therein of confidence game and conspiracy to commit confidence game. He was sentenced to the state penitentiary for a term of not less than four years nor more than eight years on the confidence game count, and not less than two years nor more than six years on the conspiracy count.

By writ of error, defendant here seeks to reverse the judgment and sentence imposed.

The testimony adduced in behalf of the People at the trial established that one Bradshaw, the complaining witness, went into a public rest room in Cheesman Park wherein he saw a person, whom he identified as the defendant, committing an indecent act. Bradshaw then slapped the defendant on his shoulder with his hand and stated, "You shouldn't be doing that." The defendant then grabbed Bradshaw, flashed what purported to be a police badge and identification and told him that he was under arrest. Bradshaw was then handcuffed and introduced to a man called Sergeant Mason. Bradshaw was questioned by the Sergeant and then permitted to leave. Upon the trial Bradshaw identified the co-defendant Bardin as the man introduced to him as "Mason."

Thereafter, "Mason" visited Bradshaw at his place of work and introduced Bradshaw to an individual who represented himself as being a police lieutenant. "Mason" and the "lieutenant" produced a letter purporting to be from one Edward J. Barnett, Deputy Chief of Detectives, reprimanding them for failure to make an arrest according to the customary procedure of the police department for sex offenses. The People showed that no one by the name of Barnett was ever Deputy Chief of Detectives, either before, during or after the commission of the swindle. The "lieutenant" stated to Bradshaw that he didn't want to see an innocent person involved in a "smear" and further explained that the previous "arrest" could be covered by Bradshaw giving them $2,500 for a bond; that they would name a fictitious "Grayson Sturdevant" in a complaint, and since they would not find such a person, the complaint would be dropped. Bradshaw's money would then be returned to him, they said, and no one would be the wiser.

"Mason" told Bradshaw, a high school teacher, that a man of his position and good reputation was in no

position to refuse the plan because he would be arrested immediately and exposed in court.

"Mason" thereupon accompanied Bradshaw in the latter's attempt to raise the necessary funds. In the course of these attempts, Bradshaw became suspicious that all was not as it had been represented to him. Nevertheless, Bradshaw gave Bardin $1,500 which he borrowed towards the $2,500. While attempting to raise the remaining $1,000, Bradshaw was overcome by his suspicions and the police were notified.

A plan was devised to trap the defendant and his accomplices. According to the plan, Bradshaw was to deliver to "Mason" an envelope which ostensibly contained $1,000. Thereafter, when the envelope was delivered to "Mason," he and the defendant were arrested. The People completed its case with testimony that neither the defendant nor Bardin were police officers at any time. The defendant did not testify and rested his case immediately after the conclusion of the People's case.

Counsel who represents the defendant in this appeal did not represent him in the trial of the case.

In his brief, the defendant asserts three assignments of error: (1) The court erred in giving Instruction No. 8; (2) The motion for judgment of acquittal should have been granted because the evidence does not sustain the charge of confidence game; (3) The evidence failed to establish that the defendant was guilty of the crime of confidence game; therefore, the charge of conspiracy to commit confidence game is unsupported and accordingly the motion for judgment of acquittal as to the conspiracy count should also have been granted.

We will consider these assignments of error under two headings.

I.

We observe from the record that no specific objection was interposed to the giving of Instruction No. 8 prior to or at the time the instruction was given to the

jury; there is only the general statement that "* * * the defense has examined instructions one through eighteen and has objections only to those that relate to conspiracy, confidence game and false pretenses." No further elaboration of the objections to the instructions was made. Furthermore, no objection to the instruction was preserved in the defendant's motion for a new trial.

It is clear, therefore, that the defendant's objections with regard to jury instructions are raised for the first time on the appeal and are not properly before the Court in light of the provision of Rules 30 and 37 (b), Colo. R. Crim. P. which have been consistently held to be controlling in these instances.

Rule 30, Colo. R. Crim. P. provides that only *specified* objections to an instruction may be considered upon writ of error and none are here disclosed in the record.

Equally fatal to defendant's position was the failure to assign the instruction as error in the motion for a new trial as is required for review by Rule 37 (b), Colo. R. Crim. P.

Finally, the instruction, while not a model, did in effect follow the definition of confidence game laid down by this Court in repeated decisions, *Hutchison v. People,* 153 Colo. 365, 387 P.2d 265; *Fischer v. People,* 138 Colo. 559, 335 P.2d 871; *McBride v. People,* 126 Colo. 277, 248 P.2d 725; *Munsell v. People,* 122 Colo. 420, 222 P.2d 615; *Kelly v. People,* 121 Colo. 243, 215 P.2d 336; *People v. Lindsay,* 119 Colo. 248, 202 P.2d 951; *Elliott v. People,* 56 Colo. 236, 138 Pac. 39; *Powers v. People,* 53 Colo. 43, 123 Pac. 642; *Wheeler v. People,* 49 Colo. 402, 113 Pac. 312; *Lace v. People,* 43 Colo. 199, 95 Pac. 302. The instruction did present the issues made by the evidence. Neither plain error nor defects affecting the substantial rights of the defendant are revealed in the giving of Instruction 8 and the point does not therefore merit our further consideration. *Lucero v. People,* 158

Colo. 568, 409 P.2d 278; *Brown and Glymph v. People*, 158 Colo. 561, 408 P.2d 981.

## II.

Defendant contends in his second and third assignments of error that the People failed to prove the charge of confidence game, and having failed to prove the substantive crime, the conviction of conspiracy is equally unsupported by the evidence. We do not agree.

The particular failure of proof which the defendant asserts in connection with the charge of confidence game is that, although the record is not clear as to *when* Bradshaw parted with the $1,500, it is clear that he was suspicious of the transaction prior to delivering it. From this, he reasons that the evidence failed to show that Bradshaw parted with his money because of a confidence which he reposed in the defendant — a necessary element of the crime of confidence game.

It is true Bradshaw may have had some concern as to the validity of the transaction at the time that he handed over the $1,500, but it was for the jury to determine whether or not he parted with his money because he reposed at least some degree of confidence in the defendant on the basis of the representation that he and his accomplices were Denver police officers. Some measure of confidence, regardless of how limited or qualified, is all that is necessary since the law does not require that the victim's confidence be absolute, unlimited, and without qualification. *McBride v. People, supra.*

We now turn our attention to the defendant's final assignment of error that upon failure of proof of the substantive charge of confidence game, the conviction of conspiracy is equally unsupported by the evidence.

Defendant's premise that proof of conspiracy to commit confidence game hinges upon proof of the confidence game is not tenable, *Roll v. People,* 132 Colo. 1, 284 P.2d 665, since the gist of the conspiracy is the unlawful agreement. Here the evidence established

that the defendant and his accomplices acted in concert to concoct a swindling operation wherein Bradshaw was duped into parting with his money upon the false representations and tokens of identity of the conspirators as police officers. The three elements necessary to prove a conspiracy, to-wit: (1) a real agreement, combination or confederation, (2) with a common design between two or more persons, (3) to accomplish an unlawful purpose amounting to a crime, *La Vielle v. People,* 113 Colo. 277, 157 P.2d 621, were thus clearly established.

The judgment is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE DAY concur.