No. 19756.

CORNELIUS JOSEPH CRUZ *v.* THE PEOPLE OF THE STATE OF COLORADO.

(441 P.2d 22)

Decided April 29, 1968. Rehearing denied June 10, 1968.

496

EDWARD H. SHERMAN, Public Defender in and for the City and County of Denver, HARRY L. HELLERSTEIN, Assistant, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN P. MOORE, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

THIS action has already been before this court on two previous occasions. Plaintiff in error, hereinafter referred to as Cruz, was found guilty of aggravated robbery. The action involved an armed robbery committed on the premises of the Lake Shore Super Market in the City and County of Denver on February 28, 1959. On August 28, 1961, this court affirmed the conviction, *Cruz v. People*, 147 Colo. 528, 364 P.2d 561. The opinion in that case contains a detailed statement of the facts and no good purpose would be served by repeating them here. Although represented by counsel at the trial, Cruz appeared pro se in the proceedings on writ of error,

his application for counsel in that connection having been denied.

Three years after the above mentioned opinion, Cruz filed a motion for post conviction relief under Colo. R. Crim. P. 35(b). He relied upon the United States Supreme Court case of *Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814, 9 L.Ed.2d 811. His motion was denied by the trial court. Upon review of that order this court, in *Cruz v. People,* 157 Colo. 479, 405 P.2d 213, outlined the remedies available to Cruz in the following language: "* * * The fact that Cruz was improperly denied counsel to aid and assist him in the perfection of his writ of error does not in and of itself vitiate and hold for naught the judgment and sentence theretofore imposed. Cruz is not without a remedy, however, the proper remedy being another request in the main case that he be appointed counsel to examine the record of his trial along the lines already outlined by us in *Ruark v. People, supra.* To facilitate such procedure, this court has of this date in the case of *Cruz v. People, supra,* entered an order directing the trial court, upon the request of Cruz and upon his *prima facie* showing of present indigency, to appoint counsel in that case to determine whether any reversible error which is reviewable by this Court occurred during the course of the trial which was not already presented to this Court on said writ of error and also to further examine the briefs heretofore filed by Cruz, pro se, to ascertain whether the various points raised by him therein were adequately presented. This order also includes the further direction that if counsel does in fact discover matter not heretofore presented which is reviewable, or should counsel be of the view that points heretofore raised by Cruz, pro se, were not adequately presented, that he then file a brief with this Court setting forth such error."

Pursuant to the foregoing quoted language counsel was appointed to represent Cruz; a second review of the

record made upon the original trial has been completed; and all the points relied upon by counsel appearing in this court have been evaluated.

 There is but one point which may be said to require a word in addition to that which was said in *Cruz v. People,* 147 Colo. 528, 364 P.2d 561. It relates to an instruction given by the trial court concerning the fact that Cruz, when arrested, was found in possession of monies taken in the robbery of the Lake Shore Super Market. We have held repeatedly that it was error to give an identical instruction over an objection which specifically directed the court's attention to the fact that the instruction failed to inform the jury that the circumstances surrounding the possession of recently stolen property by the accused must be such, along with other evidence in the case, as to remove all reasonable doubt as to the guilt of the accused. If there are any circumstances which raise a reasonable doubt in the minds of the jury as to whether such recent possession implicates an accused as a participant in a criminal act, he cannot be convicted on such evidence alone. *Russell v. People,* 125 Colo. 290, 242 P.2d 610; *Martinez v. People,* 163 Colo. 503, 431 P.2d 765; *Stewart v. People,* 162 Colo. 122, 426 P.2d 548; *Attwood v. People,* 165 Colo. 345, 439 P.2d 40.

 In the instant action the only objection made to the giving of the instruction under discussion was the following statement by counsel for Cruz:

"For the defendant I have examined the instructions and object to Instruction No. 9, the accessory instruction, and also to Instruction No. 11, which is the instruction on recent possession of stolen property."

An objection in such broad coverage giving no basis whatever to point up with some reasonable particularity the nature of any shortcoming, is no objection at all, and does not entitle a person convicted of crime to a consideration of the point on review in this court.

In the instant case the only assignment pertaining to the instruction was that the trial court erred:

"In overruling the defendant's objection to Instruction No. 11, recent possession of stolen goods, because this instruction is not proper in a trial for robbery."

Thus the grounds of objection argued here, namely that the instruction purported to shift the burden of proof to the defendant, and denied him the benefit of requiring proof of guilt beyond a reasonable doubt, were never brought to the attention of the trial court, and no opportunity was afforded to it to correct the error.

 Colo. R. Crim. P. 33 now makes clear that motion for a new trial "shall be in writing and shall *point out with particularity* the defects and errors complained of." (Emphasis added.) While it is true that the above mentioned rule had not been adopted at the time of the trial, the principle stated therein was well established by the decisions of this court. In *Henry v. People,* 72 Colo. 5, 209 P. 511, we find the following pertinent language:

"In the light of the evidence in the record, there is no merit whatever in any of the assigned errors. But, if errors were committed, they cannot, under our practice, for lack of proper objections and exceptions, be rectified here. * * *"

In *Sarno v. People,* 74 Colo. 528, 223 P. 41, under a factual situation analogous to that now before us, it was said:

"The objection to the instructions are general, made, as counsel for defendant said, 'to preserve the record.' In none of them was the ground of objection stated. An instruction to which no specific objection is made, so that the court may make correction, if erroneous, will not be considered, * * *."

See also *Winbern v. People,* 116 Colo. 136, 180 P.2d 516. We repeat that which we said in *Cruz v. People,* 147 Colo. 528, 364 P.2d 561:

"* * * Our review is essentially limited to issues pre-

sented in the motion for a new trial, subject to our discretion to consider matters even though not properly raised, when the justice of the case requires it. Suffice it to say that nothing in the record here calls for the exercise of that discretion * * *."

The guilt of the defendant was overwhelmingly established by the evidence. The "justice of the case" before us does not demand a reversal of the judgment because of an error, with reference to which the trial court was not alerted by appropriate objection.

The judgment is affirmed.

MR. JUSTICE PRINGLE dissents.