No. 23070.

TOBY MANUEL MAES *v.* THE PEOPLE OF THE STATE OF COLORADO.
(454 P.2d 792)

Decided May 26, 1969. Rehearing denied June 16, 1969.

DONALD N. PACHECO, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, for defendant in error.

*En Banc.*

. MR. JUSTICE HODGES delivered the opinion of the Court.

MAES was convicted by a jury of burglary, larceny, and conspiracy to commit both crimes. By writ of error, Maes, hereinafter called defendant, seeks reversal of the judgment of conviction and sentence imposed thereon.

A co-defendant, Larry Gerald Maynes, has prosecuted a separate writ of error, which is the subject of our opinion captioned *Maynes v. People,* 169 Colo. 186, 454 P.2d 797.

On April 1, 1966, about 4:30 A.M., Bernard's Store, located at 70 Broadway in Denver, was broken into and 127 sport jackets and several dozen shirts were stolen. Entry into the building was effected by breaking a front window. A witness, who lived in an apartment across the street, heard the break-in, saw two men carrying clothing from the store to a car parked in front, and called the police. The second witness to the crime was a burglar alarm employee, who arrived shortly before the police. He also saw two men, one coming out of the store and

one in the parked car. The two men started running, the burglar alarm employee ran after them, called for them to halt, and fired warning shots. At this juncture, the police car arrived, and the officers saw two men running around the corner, followed by a man in a guard's uniform. The officers pursued the running men into a bank parking lot. One man continued to run, was ordered several times to stop, did not, was shot, fell, and then got up and ran away. The other man stopped running and hid in a shadowed niche of the adjacent bank building, from where one of the officers ordered him to come out and took him into custody. This man was identified as the defendant Maes. The other officer resumed pursuit of the man at whom he had shot.

The eyewitness in the apartment, the burglar alarm employee, and the two officers all testified that they saw only two men in the course of events which they respectively witnessed. Defendant Maes was continuously observed from the time that he ran away from the store until his apprehension in the course of pursuit.

Defendant assigns seven alleged errors:

## I.

### Alleged Failure to Provide Speedy Trial

An information was filed against defendant on April 7, 1966, and trial was held on February 23, 1967. Defendant contends that under the provisions of C.R.S. 1963, 39-7-12, he is entitled to a judgment of dismissal, because his case was concededly not tried within two terms. However, defendant was tried before the lapse of one year. It is well-established that Colo. R. Crim. P. 48(b), which permits trial within one year from the filing of the information, is the "controlling test" and not the aforementioned C.R.S. 1963, 39-7-12. *Lucero v. People,* 161 Colo. 568, 423 P.2d 577, *Rhodus v. People,* 160 Colo. 407, 418 P.2d 42, *Casias v. People,* 160 Colo. 152, 415 P.2d 344.

Nor do we find that defendant was in any way

deprived of his right to a "speedy public trial" within the intendment of Colo. Const., art. II, § 16. We reiterate that a speedy public trial is a relative concept, because the circumstances of each case determine whether it has been afforded; and further, that the burden is upon defendant to prove that an expeditious trial was denied him. *Medina v. People*, 154 Colo. 4, 387 P.2d 733, *cert. denied*, 379 U.S. 848, 85 S.Ct. 88, 13 L.Ed. 2d 52, *Jordan v. People*, 155 Colo. 224, 393 P.2d 745. We find that defendant did not meet this burden.

█ Moreover, the record shows that between the date of charge and of trial, defendant, with his counsel, made seven appearances in court to dispose of various pretrial matters. As we stated in *Medina v. People, supra:*

" 'Speedy public trial,' required by the Constitution, does not mean trial immediately after the accused is apprehended and indicted, but public trial consistent with the court's business."

The record is devoid of any showing that the trial was not held as soon as "consistent with the court's business" or that defendant suffered any prejudice by reason of the short delay.

## II.

### Denial of Motion for Separate Trial

Defendant claims that the trial court erred in refusing to grant his motion for a trial separate from his co-defendant Larry Gerald Maynes. Defendant contends that he was entitled to a separate trial "as a matter of right" under Colo. R. Crim. P. 14, which provides in pertinent part:

"However, upon motion any defendant shall be granted a separate trial as of right if the court finds that the prosecution probably will present against a joint defendant evidence, other than reputation or character testimony, which would not be admissible in a separate trial of the moving defendant."

Defendant's argument on his written motion for sev-

erance was based upon the ground that the prosecution would present evidence, inadmissible as to defendant, of the ownership of the parked car in which were found the stolen clothes. The district attorney stated that no evidence would be offered with respect to car ownership, and honored that statement at trial.

■ Defendant now contends that the admission into evidence at trial of a sports jacket found next to his co-defendant when arrested was inadmissible and prejudicial as to this defendant. However, the trial court ruled that the jacket was admissible only as to co-defendant Maynes, defendant acceded to this ruling, and waived any further objection.

## III.

### Amendment to Information

■ On the day of trial, but prior to its commencement, the district attorney was allowed to amend orally the first count of the information over defendant's objection. The first count, before amendment, alleged that the defendants

"... did then and there feloniously, wilfully, maliciously and forcibly break and enter, and did then and there feloniously, wilfully and maliciously without force enter the building of ... with the intent then and there to commit a crime *and to steal property of any value ...*" (Emphasis added.)

The amendment struck the words "and to steal property of any value," and substituted in lieu thereof the words "to wit, a larceny."

Defendant contends that he was not charged with the crime of burglary until after the amendment of count one, and hence, that the trial court erred in overruling his motion for continuance, which was sought on ground of surprise. This contention of defendant's is without merit. Count one of the information in its original form adequately informed defendant that he was charged with the crime of burglary, because it apprised him clearly

that he was charged with breaking and entering a building with intent to steal property. As we stated in *Gallegos v. People,* 166 Colo. 409, 444 P.2d 267, 269:

"The name of the crime need not be mentioned in an information, if the crime is adequately described therein. ... An information is sufficient if it advises a defendant of the charge he is facing so that he can adequately defend against it."

The amendment was one of merely form and not of substance, and the trial court did not err in denying defendant's motion for continuance.

## IV.

### Failure to Grant Change of Judge

On the morning of the trial, but before it began, out of the presence of the defendant and in no way connected with the case at bar, the trial judge addressed some visiting junior high school students in the courtroom. The substance of his remarks was that if a person accused of a crime is in fact guilty and pleads guilty, then the court will give him every consideration; but if he knows he is guilty, but places the State to the expense of a trial, then he will not receive any consideration from the court.

Upon the basis of these remarks, made in a context entirely disassociated from the instant case, the defendant moved for a "change of venue" to another judge in the Second Judicial District. The trial judge denied the motion, and in so doing stated:

"He (defendant) will have in every respect a fair and impartial trial. And I assure you of that. ... But it (the statement complained of) does not in any respect, in no respect whatsoever, have any effect upon any defendant appearing before me and receiving a fair and impartial trial. This he will be afforded."

To disqualify a trial judge from presiding at the trial of a criminal case, his interest "must be direct, apparent, substantial, certain or immediate, and not one which is only indirect, contingent, incidental, remote,

speculative, unreal, uncertain, inconsequential or merely theoretical." *Kostal v. People,* 160 Colo. 64, 414 P.2d 123, *cert. denied,* 385 U.S. 939, 87 S.Ct. 305, 17 L.Ed. 2d 218; see also *Watson v. People,* 155 Colo. 357, 394 P.2d 737, *cert. denied,* 380 U.S. 966, 85 S.Ct. 1111, 14 L.Ed. 2d 156. Applying this test to the instant case, we hold that the trial judge did not err in denying defendant's motion for the case to be heard by another judge.

## V.

### *Alleged Error in Admission of Exhibits*

Defendant complains that the admission into evidence of People's Exhibits B, C, D, J and K was prejudically erroneous, because without probative value as to defendant. The exhibits in this case were lost prior to the record being lodged in this court. However, relying solely upon defendant's descriptions of, and objections to, the exhibits, we hold as a matter of law that their reception into evidence was not reversible error.

 Exhibit B was a photograph of Bernard's Store on April 1, 1966. Exhibit C was a photograph of an automobile parked in front of Bernard's Store on April 1, 1966. Exhibit D was a photograph showing co-defendant Maynes under the porch where he was apprehended. Exhibits J and K were police custodian's receipts, signed by the store owner, for re-delivery to him of the stolen merchandise. Testimony of witnesses was received as to all matters contained in these exhibits. It is fundamental that so long as evidence is relevant and material, its admission into evidence is not error merely because it is cumulative. *Bradley v. People,* 157 Colo. 530, 403 P.2d 876. And the admission or rejection of cumulative evidence is within the trial court's discretion, and its ruling will not be overturned by this court unless an abuse of discretion clearly appears. *Silva v. People,* 158 Colo. 326, 407 P.2d 38. Although Exhibit D depicted only co-defendant Maynes, under the record in this case, its admission was not prejudicial to this defendant, nor did he claim prejudice in his objection thereto, but only

lack of probative value. We find no abuse of discretion by the trial court in admitting Exhibits B, C, D, J and K.

## VI.

### *Insufficiency of Circumstantial Evidence*

Defendant argues that the trial court erred in failing to grant his motion for judgment of acquittal, because the evidence against him was entirely circumstantial and insufficient to connect him with the crime which admittedly occurred.

In appraising the validity of this argument, we point out that circumstantial evidence need not amount to a mathematical demonstration of guilt. *Mathis v. People,* 167 Colo. 504, 448 P.2d 633, *Gonzales v. People,* 128 Colo. 522, 264 P.2d 508. As we stated in the *Mathis* case,

"The nature of circumstantial evidence implies the weaving of a fabric of known facts, which may be inconsequential alone, but become important when they are tied to other facts which lead to inevitable conclusions as to facts in issue."

According to undisputed testimony, Bernard's Store was broken into in the early pre-dawn and a substantial amount of clothing was stolen therefrom; four witnesses saw only two men running from the scene of the crime; and, two of the witnesses, police officers, chased the running men to a parking lot. At the parking lot, an officer saw one of the men run over to a niche in a nearby building, where he stood "stiff-like" in the shadow. The officer promptly called the man out from his hiding place and arrested him. The man thus arrested was identified at trial as this defendant, Maes.

There is obviously evidence in the record from which the jury could find beyond a reasonable doubt that the circumstances were such as to exclude every reasonable hypothesis of defendant's innocence. We therefore cannot say that the trial court erred in denying defendant's motion for judgment of acquittal, and we will not sit as "a 13th juror" and set aside a jury

verdict. *Mathis v. People, supra Cokley v. People,* 168 Colo. 52, 449 P.2d 824.

We further note that defendant rested his case without presenting any evidence whatsoever, either by his own testimony or by others on his behalf. We again find apt the court's opinion in the *Mathis* case, *supra:*

"A jury is permitted to draw any reasonable inference of guilt from the evidence before it. Where the defendant elects not to testify, he cannot successfully complain to this Court that the jurors have drawn inferences against him which are warranted by the evidence. *Schamber v. People,* 159 Colo. 102, 410 P.2d 514; and *Allison v. People,* 109 Colo. 295, 125 P.2d 146."

We conclude that the circumstantial evidence was sufficient to support the jury verdict of guilty and the judgment of conviction.

## VII.

### *Alleged Error in Instructions*

Defendant objects to all of the jury instructions, which comprised numbers 1 to 17 inclusive, on the ground that "they had no bearing upon the guilt or innocence of this defendant in view of the fact that there was no testimony, direct or circumstantial, tying this defendant up with the offenses charged."

Defendant's objections to the instructions at trial and again in his motion for new trial were equally general. It has been long established that an instruction to which no specific objection is made, so that the trial court may correct, if erroneous, will not be considered on review. *Cruz v. People,* 165 Colo. 495, 441 P.2d 22; *Marshall, Jr. v. People,* 160 Colo. 323, 417 P.2d 491; *Sarno v. People,* 74 Colo. 528, 223 P. 41.

## VIII.

### *The Sentences*

This court *sua sponte* finds that the consecutive sentences for burglary and for larceny imposed on this defendant and upon his co-defendant in the companion

case of *Maynes v. People, infra,* also announced this date, are improper for the reasons detailed in the companion case.

\* \* \*

The judgment of conviction is affirmed. The consecutive sentences for burglary and for larceny are ordered vacated and this cause is remanded for the purpose of re-sentencing the defendant in accordance with this opinion.

MR. CHIEF JUSTICE MCWILLIAMS dissenting in part and concurring in part.

MR. JUSTICE KELLEY not participating.

MR. CHIEF JUSTICE MCWILLIAMS concurring in part and dissenting in part:

I concur in the determination by the majority that the defendant's conviction for burglary, larceny and conspiracy to commit each of these two separate and distinct crimes should be affirmed. I dissent from that portion of the majority opinion which orders the trial court to modify its judgment so that the sentence imposed on count 3 (grand larceny) shall run concurrently with the sentence imposed on count 1 (burglary).

In the first place, this defendant has never complained, be it in this court or the trial court, about the fact that he was given consecutive sentences on the burglary and larceny convictions. In the second place, even if he had raised this particular matter, I would have rejected it as being contrary to the law. For my views on this subject see my dissent in *Maynes v. People,* 169 Colo. 186, 454 P.2d 797.