The **PEOPLE** of the State of Colorado, Plaintiff-Appellant,

v.

Robert Noe **MARTINEZ**, Defendant-Appellee.

No. 81SA168.

Supreme Court of Colorado, En Banc.

Jan. 17, 1983.

---

Robert L. Russel, Dist. Atty., Daniel C. Zook, Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

J. Gregory Walta, Colo. State Public Defender, Susan L. Fralick, Terri L. Brake, Deputy State Public Defenders, Denver, for defendant-appellee.

HODGES, Chief Justice.

The District Attorney for the Fourth Judicial District appeals the dismissal of felony escape charges against defendant Martinez. We reverse.

The defendant was convicted of aggravated motor vehicle theft under section 18–4–409, C.R.S.1973 (1978 Repl.Vol. 8), a class four felony. He was sentenced and assigned to serve his sentence at the Community Corrections facility of El Paso County, a minimum security facility.

The defendant was charged with felony escape under section 18–8–208, C.R.S.1973 (1978 Repl.Vol. 8). It was alleged that he signed out of the facility to visit his mother for several hours and never returned. He was apprehended about five months later.

On the date set for a preliminary hearing the defendant was not present in court with his counsel.

The preliminary hearing was reset. At that hearing, the defendant was again absent; however, it was made known to the trial court that the defendant did not appear because he was transferred to the penitentiary after he had breached the agreement he made upon being assigned to a community corrections facility. Absent substantive argument and over the vigorous objection of the District Attorney, the trial court dismissed the escape charge on the ground that the defendant had been transferred to the penitentiary, that this was his punishment for the escape, and that prosecution on the escape charge would constitute double jeopardy.

The record is sparse, however, it appears that the defendant, as a prisoner under sentence, was administratively transferred to the penitentiary after he failed to return to a minimum security facility. Such a situation does not involve double jeopardy. *See Schwickrath v. People,* 159 Colo. 390, 411 P.2d 961 (1966) and *Silva v. People,* 158 Colo. 326, 407 P.2d 38 (1965), which deal with superseded statutes. *Cf., Gregory v. Wyse,* 512 F.2d 378, 382 (10th Cir.1975).

The judgment is reversed.