## No. 16,763.

Russell et al. *v*. The People.

(242 P. [2d] 610)

Decided March 17, 1952.

Mr. Robert Sunshine, Mr. H. D. Reed, Mr. Isaac Moore, for plaintiffs in error.

Mr. Duke W. Dunbar, Attorney General, Mr. H. Lawrence Hinkley, Deputy, Mr. Norman H. Comstock, Assistant, for the people.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

In an information containing three counts, filed February 27, 1951, defendants were charged with the unlawful breaking and entering of a motor vehicle, entering of a motor vehicle without breaking, and the unlawful receiving of stolen goods, to which a plea of not guilty was entered by each defendant.

Motions for severance, similar in form, were filed by each defendant in the following language:

"Comes now the above named defendant, James C. Coffey, by his attorney, Isaac E. Moore, and respectfully moves the Court to grant a severance so that the issues of the above case may be tried separately and distinct from those against the defendant, Charles Marvin Russell, and as reasons therefor, allege as follows:

"1. That the defendants are jointly charged with having committed a felony.

"2. That there is evidence, not relating to reputation, which will be admissible and material as against the defendant, Charles Marvin Russell, if tried separately, but which will not be admissible as to the other joint defendant.

"3. That such evidence consists of extra-judicial statements and admissions made by the defendant, Charles

Marvin Russell, which constitute hearsay evidence, and are, therefore, inadmissible as against the other joint defendant."

These motions were denied, renewed and again denied prior to the trial, which was had on April 9, 1951. At the close of the people's case, motions for directed verdicts on all three counts were made, and sustained as to the third count, receiving stolen goods. Defendants did not take the witness stand nor introduce any evidence. The jury returned a verdict of guilty against each defendant on the second count, entering a motor vehicle without breaking with intent to commit the crime of larceny, and after motion for new trial was overruled, the court sentenced Russell to a term of two to five years, and Coffey to a term of three to six years in the state penitentiary.

To reverse the judgments, defendants have assigned the same errors as alleged in their motions for new trial, namely, error on the part of the court in denying motions for severance; admission of hearsay testimony consisting of extrajudicial accusations made by each defendant against the other codefendant; denial of motion for directed verdict, based upon a fatal variance between the allegation of ownership and the proof adduced; and in the giving of instruction No. 11, which referred to the presumption of guilt arising from the possession of recently stolen property.

Without considering the merit of the other points specified, we limit our discussion to the questions of severance, hearsay testimony and the instruction. The original motions for severance, as herein set out, were not verified; however, amended motions for severance in exact words and form were filed and supported by affidavits to the effect only, that the affiant is the petitioner in the amended motion; that he has read the motion and knows from his personal knowledge that the facts recited therein are true to the best of his knowledge and belief.

■ ■ Section 484, chapter 48, '35 C.S.A., provides as follows: "When two or more defendants are jointly indicted for any felony, any defendant against whom there is evidence, which does not relate to the reputation of such defendant, and which would be material and admissible as to such defendant, if tried separately, but which would be inadmissible as to any other of said joint defendants if tried alone, such defendant against whom evidence as aforesaid, is material and admissible, shall be tried separately. In all other cases, defendants jointly indicted or prosecuted, shall be tried separately or jointly in the discretion of the court." This statute is mandatory when it is made to appear that a defendant would be prejudiced on a joint trial by the admission of evidence which would not be admissible as against him, but which would be competent as against his codefendant. The motions are substantially in the language of the statute with a simple reference to certain statements and admissions which constitute hearsay evidence, without stating what the evidence would be or the substance thereof, and in this regard the affidavit made no further disclosures. From the motion and the affidavit, the trial court was not in position to determine whether or not the moving defendant would be prejudiced. The trial court is to be guided by the contents of the motion and the affidavit and must be advised thereby as to the nature of the evidence before it could determine whether the severance should be granted. In other words, neither the motion, nor the required affidavit, showed sufficient cause, and the trial court committed no error in denying the motions for severance.

The evidence discloses that on February 29, 1951, Agnes B. Johnson, the complaining witness, drove a Chevrolet convertible automobile, owned by her husband, from Buffalo, Wyoming to Denver, for the purpose of locating a house, here in Denver or Pueblo as a future home for herself, husband and little daughter. On arriving in Denver she registered at the Y. W. C. A. resi-

dence home, used the car in the afternoon and returned about eight o'clock in the evening and parked and locked the automobile in front of the building. She left two ladies' broadcloth coats, a tablecloth and an aluminum pan or tub in the locked car. These articles are itemized in the information. The next morning, she discovered that a window in the car was broken, and that the articles mentioned, that were in the back seat of the automobile, had been taken therefrom. She identified all of these articles when offered as people's exhibits.

The night of the robbery, one John Roger Knight was residing at the Miyako Hotel on Larimer street; during that evening and the early morning of the next day, a dice game was in progress in his room. While the game was going on, defendant Russell came into the room and asked Knight if he would care to purchase some articles of clothing. Russell left and when he came back he was accompanied by the other defendant, Coffey, who was carrying the articles in question.

Police officer Allegretto testified that on the night in question, he and his partner went to investigate a theft that was reported in the Miyako Hotel; they heard a dice game going on in one of the rooms, entered the room, and found five people, including the two defendants. The articles of clothing and the tub in question were on the floor in the middle of the room, but no one would admit owning any of the articles; Knight, in whose room this occurred, told the witness that the articles were brought there by defendants Russell and Coffey. Allegretto further testified that when he questioned Russell and Coffey with reference to the articles, Russell stated that the articles belonged to Coffey, and Coffey stated that they belonged to Russell; that he then searched an automobile which Russell admitted using that night, which was then parked in front of the hotel, and found a doily, which was one of the articles taken from the Johnson automobile; that on further questioning Russell stated that he met Coffey at Five points; that

Coffey had solicited a ride with him and that Coffey brought the tub and clothing into the automobile; Coffey stated to him that he met Russell at the tavern at Five points and Russell wanted him to go with him down to Larimer street, and when they went out to get into Russell's car, the stolen articles were already in the car.

It appears from the record that two or three days later, after defendants had been questioned at the police station by Captain Hunt, written statements were taken and signed by each defendant, in substance being what Officer Allegretto had testified to, that is, each defendant first made a denial of any guilt and then each made the accusation against the other. These statements were taken and made by each defendant in the other defendant's presence.

On trial, after the testimony of Knight, the occupier of the room, and the testimony of the arresting officer, as herein related in substance, the people, after proper identification of the written statements by Captain Hunt, who was on the witness stand, offered the statements in evidence. Defense counsel immediately interposed objections on the ground that as to each deponent, the statement was self-serving and that it exonerated the deponent and placed the guilt on the other defendant; and that as to the codefendant accused, there was no evidence that said codefendant assented thereto, either expressly or impliedly. This objection was sustained by the court. After the written statements were rejected or withdrawn, Captain Hunt was then allowed, over the objections of counsel, to testify that the codefendants were questioned in each other's presence and his testimony as to what each defendant said was the same as contained in the written statements, and generally, in substance, the same·as had been testified to by Officer Allegretto, that is, in effect, each defendant denied guilt and accused the other codefendant. The statements, although made in each other's presence, were not assented to by the other defendant; moreover, the statements

were, by each, emphatically denied. It is apparent that the trial court admitted the testimony of Captain Hunt on the theory that the statements were admissible because they were made by defendants in each other's presence, under the exception to the hearsay rule.

Counsel for defendant in error contend that the admission of Captain Hunt's testimony was not error, and the fact that Officer Allegretto had given substantially the same testimony as a part of the res gestae, that the additional testimony of Captain Hunt was "merely cumulative and substantiated what defendants had previously said by way of explanation of their joint possession." The testimony as given by Captain Hunt is clearly hearsay, and that it is such, does not seem to be denied by counsel for defendant in error. The bar to such testimony is not removed simply because it is cumulative. We are not aware of any rule that permits the admission of hearsay testimony because it is cumulative. The theory advanced that the testimony was not prejudicial is not accepted, because the matter of the credibility of the witness is solely a jury function, and we cannot say as to the testimony of which witness the jury gave weight; and in addition thereto, the testimony of Captain Hunt tended to establish the connection of both defendants with the stolen goods and it contained direct accusations of guilt as to each defendant.

We find in the record no instruction to guide the jury in its application of the testimony to each defendant. The people were, by the admission of this hearsay evidence, permitted to do indirectly that which could not be done directly. The defendants could not be called to the stand and required to testify against each other; however, the admission of the accusations made by one against the other, accomplished the same result. The statements, although made in each other's presence, clearly were not admissible against the other defendant because the accused defendant in no way assented to the statement, either expressly or impliedly. To make such

statements admissible, assent of the accused must be shown. This rule has been adhered to in this jurisdiction in the cases of *Cook v. People,* 56 Colo. 477, 138 Pac. 756; *Paine v. People,* 106 Colo. 258, 103 P. (2d) 686; *Quintana v. People,* 106 Colo. 174, 102 P. (2d) 486. The absence of assent makes the statements hearsay.

Counsel for plaintiffs in error objected to the giving of instruction No. 11, which is as follows: "The court instructs the jury that the possession of stolen property recently after the commission of a theft from a motor vehicle, may be a criminating circumstance tending to show that the person or persons in whose possession it was found, may be guilty of the offenses as charged in the respective counts of the information, unless they have satisfied you from the evidence or from the facts and circumstances proven upon the trial that they, the defendants, came into possession of the property honestly, or they have raised a reasonable doubt in your mind with reference thereto." Under this instruction, each defendant would have had the burden to prove his innocence by satisfying the jury that he came into the joint possession honestly. "The law imposes no such burden upon a defendant in a criminal case." *Van Straatten v. People,* 26 Colo. 184, 56 Pac. 905.

Due to the erroneous admission of hearsay evidence and possible prejudice created by the instruction herein set out, we cannot say that defendants had a fair trial. The motion for a new trial should have been granted. The judgment is reversed and the cause remanded with directions to grant a new trial in accordance with the views herein expressed.