No. 21295.

F RED E. S TEWART AND L ORIN J. P ONTON *v.* T HE P EOPLE
OF THE S TATE OF C OLORADO.
(426 P.2d 545)

Decided March 13, 1967.

SAMUEL J. MERLO, for plaintiffs in error.

AL HAAS, District Attorney, Sixth Judicial District, DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, GEORGE E. DeROOS, Assistant, JOHN P. MOORE, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

PLAINTIFFS in error, Fred E. Stewart and Lorin J. Ponton, were convicted of burglary, and conspiracy to commit burglary of a building in Durango, Colorado. Stewart was sentenced to concurrent terms of from eight to ten years in the state penitentiary on each of the two counts. Pontin received concurrent terms of from six to ten years in the penitentiary on each of the two counts. From these judgments, Stewart and Ponton bring writ of error here.

Stewart and Ponton were arrested late in the evening of January 21, 1964 inside the office building which they were charged with burglarizing. Various desks, safes and cabinets in the building had been forced open. After their arrest, the defendants were taken into one

of the offices in the building and were searched. Certain items of stolen property were found upon them at that time, and they were handcuffed and taken to the police station.

At the police station they were searched more thoroughly and then placed in jail. During the search at the jail, an automobile key was taken from Stewart and later that night the key was used to open the door of an automobile which the police found parked several blocks from the scene of the arrest. The car was driven to the police station and impounded. Later that night the police found a key for the trunk of the car in a box hidden under the hood of the car and they searched the car and the trunk.

Articles taken from the persons of the defendants at the time of the arrest and at the police station were later admitted into evidence. There were also admitted into evidence articles taken from the automobile. These latter articles consisted of tools and clothing which were similar to the tools and items of property found in the Emigh Building and were offered to connect the automobile and the defendants with the burglary. At no time did the police obtain a warrant to search the automobile. The defendants moved to suppress the evidence obtained by the search of the automobile and this motion was denied. The motion was renewed during the trial and was again denied.

The two substantial grounds of error urged by the defendants deal with their contentions that (1) the motion to suppress the evidence taken from the automobile should have been granted, and (2) that the court used erroneous language when it cautioned the jury at the time of admitting evidence of other acts or transactions.

I.

Stewart and Ponton contend that the fact situation here brings the case squarely within the ambit of *Preston v. United States*, 376 U.S. 364, 84 S.Ct. 881, 11

120

L. Ed.2d 777 (1964). While it is true that *Preston,* under the specific language contained therein, might dictate reversal in this case, the United States Supreme Court in *Cooper v. California,* (decided February 20, 1967) has now elaborated on the meaning of that decision. If, in fact, *Cooper* does not overrule *Preston sub silentio,* as contended by the dissent in *Cooper,* it does very clearly engraft on the *Preston* rule an extension of the traditional concepts under which searches of automobiles may be conducted without a warrant.

It now appears that insofar as federal constitutional principles apply, an automobile may be searched by the police at a time and place remote from the arrest, providing the police have valid custody of the automobile at the time, and providing the arrest is valid, and providing the search is made for the fruits of the crime, the instruments of the crime, or evidence relating to the crime for which the accused was validly arrested. Of course, no exploratory searches of automobiles are authorized by the rule announced in *Cooper,* and in order to be reasonable, the search must be one designed to afford evidence in connection with the particular crime for which the person was arrested. The principles of *Hernandez v. People,* 153 Colo. 316, 385 P.2d 996, therefore, still apply in determining what is a reasonable search under such circumstances.

The police here had valid possession of an automobile used by men who were validly arrested and searched the car for evidence specifically related to the crime for which they had been arrested. We do not think the Colorado constitution requires a more restrictive rule with respect to automobiles than that applied under federal constitutional standards as determined by the United States Supreme Court. We, therefore, hold the search to be a reasonable one in this case.

II.

Evidence of another transaction of the same nature as the burglary of the Emigh burglary committed

on the same night as the Emigh burglary and within a short distance of the Emigh Building was introduced for the purpose of showing plan, scheme or design. At the time it was introduced, the court gave the contemporaneous instruction required by *Stull v. People*, 140 Colo. 278, 344 P.2d 455. The court unfortunately, in giving this instruction, used the words "other crimes" rather than "other transactions." No objection was made at the time to this statement by the court, and in the final instruction given by the court dealing with the same subject, the court used the proper phraseology, *i.e.*, "other transactions."

In view of the fact that no contemporaneous objection was made and that the court corrected its language in its final instruction to the jury and since the corrected language was used in the written instructions taken by the jury to the jury room, we find no prejudicial error existed.

The judgment is affirmed.