No. 21293.

Fred E. Stewart and Lorin J. Ponton *v.* The People
of the State of Colorado.
(426 P.2d 548)

Decided March 13, 1967.

Samuel J. Merlo, for plaintiffs in error.

Al H. Haas, District Attorney, Sixth Judicial District,

Duke W. Dunbar, Attorney General, for defendant in error.

*En Banc.*

Mr. Justice Pringle delivered the opinion of the Court.

This is a companion case to *Stewart and Ponton v. People,* 162 Colo. 117, 426 P.2d 545. The defendants here were convicted of burglary, larceny, conspiracy to commit burglary and conspiracy to commit larceny. The charges arose out of a burglary of the offices of one L. M. Perkins, an attorney in Durango, Colorado. Stewart was sentenced to from eight to ten years in the state penitentiary on each of the four counts — the sentences to run concurrently. Ponton was sentenced to concurrent terms of from six to ten years in the penitentiary on each of the four counts. From these judgments, Stewart and Ponton bring writ of error.

The facts concerning Stewart's and Ponton's arrest and the events thereafter are detailed in *Stewart and Ponton v. People, supra.*

Defendants contend in this case (1) that evidence was improperly admitted because of illegal search and seizure, (2) money taken from the trouser cuffs of the defendants during the search of their persons was improperly admitted because it was immaterial, and (3) the court improperly instructed the jury with respect to the evidentiary effect of recent possession of stolen property.

I.

Defendants' argument with respect to admission of evidence which they contend was the fruit of an improper search and seizure has been dealt with in *Stewart and Ponton v. People, supra,* decided this date, where we held that the evidence was admissible and that the search and seizure was not improper.

124

## II.

 Testimony was allowed that four one hundred dollar bills were found on the person of the defendant, Stewart. This money was not connected in any way with the burglary, had no relationship with the burglary, and had no relevancy to the issues in this case. The fruits of a reasonable search are not admissible solely because they were found during a valid search. They must be material and relevant to the issue in the case. The trial court erroneously permitted this evidence to be admitted.

## III.

The trial court gave the following instruction:

"The Court instructs the jury that the possession of stolen property recently after the commission of a theft or burglary may be a criminating circumstance tending to show that the person or persons in whose possession it was found was guilty of the offense of larceny, or the offense of burglary, as charged in the respective counts of the information, unless he has satisfied you from the evidence or from the facts and circumstances proven upon the trial that the defendant or defendants came into possession of the property honestly."

 This instruction was declared to constitute prejudicial error in *Russell v. People*, 125 Colo. 290, 242 P.2d 610. *Ciccarelli v. The People*, 147 Colo. 413, 364 P.2d 368, does not change the rule of *Russell* and dealt with a different instruction than that interdicted by *Russell*, which was the one given in this case. It is to be noted that while the court did not find the particular instruction given in *Ciccarelli* required reversal, it did not commend that instruction as a model one for use.

The judgment is reversed and the cause remanded for a new trial not inconsistent with the views herein expressed.