No. 23222.

HENRY CHARLES ATTWOOD v. THE PEOPLE OF THE STATE OF COLORADO.

(439 P.2d 40)

Decided April 1, 1968.

HOLLEY, BOATRIGHT and VILLANO, RODGER D. WITT, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, AUREL M. KELLY, Special Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

ATTWOOD, plaintiff in error, was charged in two counts with (1) grand larceny, and (2) conspiracy to commit grand larceny. He entered "not guilty" pleas to both counts. Upon trial the jury returned a verdict of not guilty on count one and a verdict of guilty on count two. The matter is here for review on writ of error.

As grounds for reversal the defendant assigns four errors: two of which relate to the lack of evidence to support the conspiracy count; one of which relates to the giving of an instruction; and the fourth which relates to the refusal to give an instruction.

The attorney general has confessed error on each of the four assigned errors. We could dispose of the case without discussing the apparent agreement between defendant's counsel and the attorney general on the issues, but, in view of the fact that two of the errors crop up all too frequently, we will linger a moment on those two points in the hope that it will be of some guidance to the district attorneys and the trial courts.

■ The court advised the jury as to the implications of being found in the possession of recently stolen property, in this language:

"INSTRUCTION NO. 7

"The Court instructs the jury that the possession of stolen property recently after the commission of a theft or larceny may be a criminal circumstance tending to show that the person in whose possession it was found is guilty of the crime of larceny, as charged in the information, unless he has satisfied you from the evidence, or from the facts and circumstances proven upon trial, that Defendant came into possession of the property honestly."

Our decision in *Stewart v. People*, 162 Colo. 122, 426 P.2d 548, of which the court and the prosecutor should have been aware, was issued March 13, 1967. This case was tried on June 22 and June 23, 1967. The *Stewart* instruction which we disapproved was identical to the one above. Mr. Justice Pringle, in *Stewart*, pointed out that "this instruction was declared to constitute prejudicial error in *Russell v. People*, 125 Colo. 290, 242 P.2d 610." *Russell* was decided in 1952.

On September 18, 1967, we reversed a judgment of conviction in *Martinez v. People*, 163 Colo. 503, 431 P.2d 765, for the same reason. Apparently the faulty instruction found its way into many files and became a "stock" instruction. There is no longer any excuse for its use by trial courts.

■ The second point relates to the sufficiency of the evidence to support the guilty verdict of conspiracy to commit larceny when the only evidence introduced at the trial was circumstantial evidence of the larceny, which proved insufficient to convict on the larceny charge. The defendant relies, for reversal, on *Robles v. People*, 160 Colo. 297, 417 P.2d 232.

There was some evidence of conspiracy to buy or receive stolen property, but that was not the charge. The evidence of conspiracy to commit the larceny was

insufficient as a matter of law to justify the court in submitting that issue to the jury, particularly since the district attorney absolved those to whom the evidence, such as it was, pointed as being coconspirators.

We said in *Robles, supra,* that a conviction of conspiracy to commit robbery could not stand where the same evidence under which the jury acquitted defendant of the charge of robbery was the only evidence which could prove him guilty of conspiracy to commit robbery. The substantive offense and conspiracy are two different offenses, each having different elements. The differences are well delineated in *Robles* and the cases therein referred to. We commend those cases to the prosecuting attorneys. Also, see *People v. Way,* 165 Colo. 161, 437 P.2d 535.

In view of the state of the record and the conceded errors the judgment of the trial court is reversed.

MR. JUSTICE MCWILLIAMS not participating.