444 P.2d 54

**STATE of Utah, Plaintiff and Respondent,**

v.

**Daniel Michael ROGERS, Defendant and Appellant.**

**STATE of Utah, Plaintiff and Respondent,**

v.

**Gayla ROGERS, Defendant and Appellant.**
**Nos. 10850, 10851.**

Supreme Court of Utah.

July 17, 1968.

Norman Wade, Salt Lake City, for defendants and appellants.

Gerald G. Gundry, Asst. Atty. Gen., Phil L. Hansen, Atty. Gen., Salt Lake City, for plaintiff and respondent.

HENRIOD, Justice:

Appeal from an alleged erroneous failure to grant a motion to suppress evidence. Affirmed.

This case comes to us under a so-called "Partial Transcript." One point only is urged: That there was an illegal search of a car owned by one of the defendants after an alleged nocturnal sortie at a laundromat where coins were purloined by defendants. The veniremen found that allegation factually to be true. An examination of the record as partially designated impresses us that there was no illegal or unreasonable search and seizure, and we so hold.

CALLISTER and TUCKETT, JJ., concur.

CROCKETT, C. J., concurs, and also concurs in the concurring opinion of ELLETT, J.

ELLETT, Justice (concurring).

I concur.

The manager of a laundromat at about 10:00 p.m. saw the appellants and another person tampering with the change-making machine and called the police. He also saw one of the three make a trip out to an automobile and back. Officers Herbert and Nelson arrived within a few minutes after the call was placed. The three people were still in the laundromat. A check of the change-making machine revealed a shortage of nickels and dimes. The appellants and their companion were arrested, and a search revealed some $11 in nickels and dimes on their persons. Another officer by the name of Hayes was detailed to supervise the impounding of the automobile. Officer Nelson took the arrested people to jail, while Officer Herbert initiated proceedings to obtain a search warrant.

Officer Hayes prepared a written inventory of the contents of the automobile and then turned the car over to a local motor company to be locked up. He filed his inventory at the Police Department at the end of his shift. In the meantime he did not disclose the contents of that inventory to any person.

Officer Herbert secured the search warrant, and as soon as the motor company was opened the next day (approximately 8:00 a.m.), he searched the car pursuant to the authority of that search warrant.

After the trial was begun, the appellants moved to suppress all evidence found pursuant to the search warrant. The record is silent as to whether the motion was granted or denied. The record also fails to disclose whether any of the articles found pursuant to the search warrant were actually used in evidence at the trial against the appellants or either of them. They were convicted of the crime of burglary in the second degree and were duly sentenced to the state prison. They appeal, alleging error to have been committed by the court when, as they say, their motions to quash were denied.

The law is well settled to the effect that appellate courts do not presume error dehors the record. The general law is stated in 24A C.J.S. Criminal Law § 1783, as follows:

> Only matters properly a part of a record so complete as to enable the reviewing court intelligently to pass on them may be considered on appeal; and in the absence of such a record, ordinarily, the appeal will be dismissed or the judgment affirmed.

The same authority in § 1849 says:

> As a general rule, the appellate court, in the absence of a showing in the rec-

ord to the contrary, will indulge all reasonable, fair, or legitimate presumptions in favor of the correctness or validity of the judgment, rulings, findings, or decisions of the trial court, and will presume that the proceedings had in the progress of the cause were regular, legal, and free from error. Likewise, the presumption is indulged, on appeal, that accused was accorded a fair or impartial trial and that official duty was performed, or was regularly, or lawfully, performed. The record must be viewed in the light most favorable to the court's rulings; after an accused has been convicted on a plea of guilty or after trial, the people are not required to assume the burden again of establishing that what was done was regular, in the absence of evidence to the contrary.

After conviction, all intendments are in favor of the people, of upholding the judgment of the trial court, and of the regularity of the action and proceedings of the court below. All permissible inferences must be made in favor of the prosecution.

This court in the case of State v. Cooper, 114 Utah 531, 201 P.2d 764 (1949), was urged by the appellant therein to reverse a trial court for refusing a new trial. The contention that error had been committed was disposed of in the following language at pages 544–545 of the Utah Reports, 201 P.2d at page 771:

Defendant also asserts that the trial court erred in denying a motion for new trial on the grounds that the prosecuting attorney, in his argument to the jury, made improper and prejudicial statements. The arguments to the jury by counsel are not preserved in the record, and hence we cannot know what arguments were made, and cannot say that the trial court abused its discretion in denying a motion for new trial on this ground. In the recent case of Schlatter v. McCarthy, [113 Utah 543,] 196 P.2d 968, 975, we said:

"Since the arguments of counsel were not preserved in the record, we are hardly in a position to say that the argument of plaintiff's counsel to the jury was improper, and grounds for reversal. Error will not be presumed, nor can we presume misconduct on the part of counsel. * * * There is nothing in the record before us on which this court could hold counsel guilty of improper conduct."

Again, in the case of State v. Hines, 6 Utah 2d 126, 307 P.2d 887 (1957), the same principle was discussed, and at pages 128–129 of the Utah Reports, 307 P.2d at page 889 it was held:

The burden is upon the appellants to show error. In the absence of any in-

dication in the record that the court did not administer the proper oath and admonition, it will be presumed that he did so. * * * In the absence of any indication of impropriety, to assume that some irregularity occurred which prevented the defendants from having a fair trial, would require us to indulge in conjecture. This is neither warranted under the circumstances, nor within our prerogative should we desire to do so.

Thus it is clear that the appellants have shown no error in the proceedings below, and the judgment of conviction must be affirmed.

Assuming that the 14th Amendment is valid[1] and that the reasoning in Mapp v. Ohio[2] is correct, still the defendants in these cases are not entitled to have their convictions set aside nor the evidence quashed. The constitutional provision does not prohibit searches without a warrant. It merely protects against unreasonable searches.

As soon as the arrest was made, Officer Herbert set about getting a search warrant, and he did this independently of any inventory which Officer Hayes may have taken when he turned the car over to the custodial garage. When Officer Hayes took the inventory, he was not making an exploratory search but was simply listing the personal property which was in the automobile in order to safeguard it against loss.[3] Both he and Officer Herbert acted reasonably and in keeping with the law. The evidence, if any there be as a result of the search, was taken pursuant to the search warrant and not by Officer Hayes. There was nothing unreasonable about the matter at all, and the conviction should be affirmed even if articles taken pursuant to the warrant were used as evidence against the appellants.

Even had there been no warrant for the search, there is authority to the effect that the articles could have been properly received in evidence, since the police had legal possession of the automobile at the time it was searched. The car was left parked on Main Street, and it was necessary to remove the same, both for the purpose of permitting traffic upon the street and of protecting the automobile and its contents. In the case of Stewart v. People, 426 P.2d 545 (Colo.1967), appellants were arrested and charged with burglary. A search of appellants revealed a car key, and a search of the vicinity enabled the officers to find the car to which the key belonged. The car was driven to the police station and impounded. Later a key to the trunk of the car was found hidden under the hood,

1. An assumption more likely to be made by my associates than by me. See Dyett v. Turner, 20 Utah 2d 403, 439 P.2d 266 (1968).

2. 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

3. See Heffley v. State, 423 P.2d 666 (Nev. 1967).

and the trunk was searched and some personal property taken therefrom. No search warrant was ever had. The appellants timely moved to suppress the evidence and renewed the motion during trial, but the motion was denied. The seized articles were put in evidence, and the appellants were convicted. They asserted error, and the Colorado Supreme Court at page 547 said:

It now appears that insofar as federal constitutional principles apply, an automobile may be searched by the police at a time and place remote from the arrest, providing the police have valid custody of the automobile at the time, and providing the arrest is valid, and providing the search is made for the fruits of the crime, the instruments of the crime, or evidence relating to the crime for which the accused was validly arrested. Of course, no exploratory searches of automobiles are authorized by the rule announced in *Cooper,* and in order to be reasonable, the search must be one designed to afford evidence in connection with the particular crime for which the person was arrested. The principles of Hernandez v. People, 153 Colo. 316, 385 P.2d 996, therefore, still apply in determining what is a reasonable search under such circumstances.

The police here had valid possession of an automobile used by men who were validly arrested and searched the car for evidence specifically related to the crime for which they had been arrested. We do not think the Colorado Constitution requires a more restrictive rule with respect to automobiles than that applied under federal constitutional standards as determined by the United States Supreme Court. We, therefore, hold the search to be a reasonable one in this case.

For the reasons stated above, I concur with the main opinion.