## No. 25590

## The People of the State of Colorado v. Oliver Rogers, Jr.
(528 P.2d 1309)

Decided December 9, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, David A. Sorenson, Assistant, John R. Rodman, Assistant, for plaintiff-appellee.

James S. Bertagnolli, Daniel B. Mohler, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendant Rogers was convicted by a jury of the crime of aggravated robbery. 1967 Perm. Supp., C.R.S. 1963, 40-5-1. On appeal, he asserts that he was denied a fair trial when the deputy sheriff handcuffed him in the presence of the jury. He was manacled after a series of outbursts, and the trial court has found that the deputy sheriff's actions were necessary to control the defendant. Under the particular circumstances of this case, we affirm.

The defendant allegedly took part in the robbery of the Kiowa Liquor Store in Colorado Springs. In the course of the defense in chief, the defendant took the witness stand and denied participation in the robbery. When the district attorney attempted to cross-examine him, he refused to respond to his questions, argued with the district attorney, and volunteered information relating to the credibility of a prosecution witness. The admonitions of the trial judge were ignored by the defendant. Finally, after several outbursts, the trial judge warned the defendant that he would be gagged if he persisted in his refusal to abide by the court's orders. The defendant ignored the judge's warning, continued to volunteer information, and argued with the district attorney. As a result, the court told the bailiff to call the sheriff and declared a recess. When the trial judge left the bench, the deputy sheriff handcuffed the defendant while the jury was still present.

In chambers, the defendant was warned about his misconduct and was told that any further outbursts would result in the court

finding him guilty of contempt. After he was warned and threatened with a jail sentence for contempt, he agreed to abide by the court'd directions. Thereafter, defense counsel informed the court that the defendant had been handcuffed in the presence of the jury and moved for a mistrial. The court denied the motion and said that the deputy sheriff's action was proper because the defendant needed to be controlled.

When the trial was resumed, the defendant was not handcuffed. Defense counsel did not request, and the trial judge did not give, an instruction regarding the handcuffing incident. In our view, the curative instruction should have been given, but the failure to give a curative instruction, in the absence of a request by defense counsel, did not constitute reversible error in this case. *See United States v. Rickus,* 351 F.Supp. 1379 (E.D. Pa. 1972); *State v. Berkins,* 2 Wash. App. 910, 471 P.2d 131 (1970). In reaching this result, we reiterate that the two-fold aim of a criminal trial is that the guilty shall not escape nor the innocent suffer an unjust conviction. *Berger v. United States,* 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935).

As we view the record, this isolated incident, which was precipitated by the defendant's conduct, did not deprive the defendant of a fair trial or constitute grounds for a mistrial. The evidence of guilt in this case was overwhelming, and no prejudice was shown to the defendant. The decision to grant or deny a mistrial lies within the sound discretion of the trial judge. Moreover, the trial court's ruling on a motion for a mistrial will not be disturbed on appeal unless there is a clear abuse of discretion. *People v. Elliston,* 181 Colo. 118, 508 P.2d 379 (1973); *Fresquez v. People,* 178 Colo. 220, 497 P.2d 1246 (1972). The record in this case reflects that the handcuffing of the defendant was reasonably necessary to maintain order. *Quintana v. People,* 168 Colo. 308, 451 P.2d 286 (1969). *See Odell v. Hudspeth,* 189 F.2d 300 (10th Cir. 1951). The proper procedures for handling the disruptive defendant have been spelled out in *Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970), and in the *American Bar Association Standards for Criminal Justice. ABA Standards, Trial by Jury* § 4.1; *ABA Standards, The Function of the Trial Judge* § 5.3.

Under the facts of this case and in view of the defendant's contemptuous and unrelenting attacks upon the authority of the court, no other course of action was available to the trial judge, and reversible error did not occur.

Accordingly, we affirm.