**No. 26129**

## The People of the State of Colorado v. Charles A. Penno
(534 P.2d 795)

Decided April 28, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr.,

Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. CHIEF JUSTICE PRINGLE.

The defendant, Charles Penno, was convicted of aggravated robbery for the August 16, 1971 holdup of a Denver Seven-Eleven store. On this appeal the defendant claims that the trial court impermissibly allowed a pistol he had in his possession at the time of his arrest to be introduced into evidence. We affirm.

At Penno's trial, two employees of the Seven-Eleven store identified the defendant as the perpetrator of the crime and testified that he pointed a small caliber chrome-plated or nickel-plated revolver at them during the robbery. Detective John Garrison of the Denver Police Department was permitted to testify that when he arrested the defendant on August 21, 1971, he recovered a .22 caliber revolver in Penno's possession. People's Exhibit I was identified as this weapon and admitted into evidence. Officer Dale Burkhardt of the Denver Police Department testified that the pistol was in good working condition. The defendant claims that since neither of the eyewitnesses to the crime identified the pistol or said that the pistol was similar to the weapon used in the robbery, the admission of the pistol into evidence was improper and impermissibly prejudicial to his case.

■ The test for determining the relevancy of real evidence was set out in *Washington v. People,* 158 Colo. 115, 123, 405 P.2d 735, 738, *cert. denied,* 383 U.S. 953, 86 S.Ct. 1217, 16 L.Ed.2d 215 (1966), in which we said that the real evidence ''must only be connected in some manner with either the perpetrator, the victim or the crime.'' The defendant cites *Stewart v. People,* 162 Colo. 122, 426 P.2d 548 as requiring the exclusion of the pistol from evidence under this test. In *Stewart* the prosecutor introduced four one-hundred dollar bills found on the person of the defendant when he was apprehended in the act of committing a burglary. The court held this evidence inadmissible because it was in no way connected with the burglary and had no relevancy to the issues in the case.

However, evidence that the defendant may have possessed weapons or instruments which could be used in the commission of the crime with which the defendant was charged have been found to be admissible under the test set out in *Washington*. In *Davis v. People,* 137 Colo. 113, 321 P.2d 1103, a stocking mask, a hammer and a flashlight found in the defendant's possession at the time of his arrest were admissible at his trial for burglary. In *Hampton v. People,* 171 Colo. 101, 465 P.2d 112, sales tickets for a pistol and for a pistol clip, found in the defendant's possession at the time of his arrest, were admissible at the defendant's trial for aggravated robbery even though the gun itself was never produced. Similarly, in *Hafer v. People,* 177 Colo. 52, 492 P.2d 847, a weapon found in the defendant's vehicle during an authorized search was admissible at the defendant's trial for grand theft and conspiracy to commit grand theft in connection with the unauthorized removal of grain from an elevator even though no one could testify that the defendant actually had a gun in his possession at the time he supposedly removed the grain.

The instant case presents an even stronger case for admission of the real evidence than was present in *Davis, Hampton* and *Hafer*. Here, the eyewitnesses testified that the defendant possessed a gun at the time of the robbery and described the gun to the jury. The jury could view the pistol introduced into evidence and compare it to the description of the weapon given by the eyewitnesses. The record reveals that Exhibit I was similar to the weapon described. Therefore, with this foundation the admission of the pistol was proper, and the jury could determine what weight should be given to its connection with the defendant.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE KELLEY and MR. JUSTICE LEE concur.