No. 28173
No. 28183

**Frank R. Lucero v. Wallace Lundquist, Acting District Judge Fremont County, State of Colorado**

(580 P.2d 1245)

Decided July 10, 1978.

---

Frank R. Lucero, pro se.

Wallace Lundquist, pro se.

J. D. MacFarland, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Patricia W. Robb, Assistant, for respondent.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This is an original proceeding in the nature of mandamus. We issued a Rule to Show Cause and now make the rule absolute and remand with directions.

The petitioner, Frank R. Lucero, is confined at the Colorado State Penitentiary for aggravated robbery. While in the penitentiary, the petitioner was charged with assault in the first-degree upon a penitentiary officer and with being an habitual criminal.

The petitioner elected to appear *pro se* in the District Court for Fremont County and filed a Motion to Disqualify Judge Max Wilson. A different judge was assigned to hear the Motion for Disqualification and advisory counsel was appointed for the petitioner. On the date of the scheduled hearing, the petitioner was brought into Court in handcuffs, leg irons and with a "belly chain" as a restraint. He requested that he be freed of the restraints during the hearing so that he could properly represent

himself citing *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The trial judge denied the request and suggested that the petitioner's advisory counsel could take notes for him and could assist him with the files that he had relating to his case.

■ It is plain that such restraints in the courtroom would be prohibited if the defendant were being tried by a jury. *People v. Cardwell,* 181 Colo. 421, 510 P.2d 317 (1973). In a hearing before a trial judge, however, the Court may properly impose restraints which are necessary to maintain the security of the courtroom. To restrain an inmate litigant who appears *pro se* to the extent that he cannot write or use his hands to lacate papers within his files is unreasonable. Here, the petitioner was restrained by every means available and the restraints interfered with his ability to represent himself in accordance with the mandate of *Faretta v. California, supra.*

■ Only that security is permitted which is necessary to insure that the defendant remains in custody, and will not endanger court personnel or others in the courtroom, and will not disrupt the trial. *People v. Rogers,* 187 Colo. 128, 528 P.2d 1309 (1974); *Odell v. Hudspeth,* 189 F.2d 300 (10th Cir. 1951); *see Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); *Way v. United States,* 285 F.2d 253 (10th Cir. 1960). *The American Bar Association Standards Relating To Trial By Jury* (Tentative Draft, 2d ed. 1978) §15-5.1(c) provides in pertinent part:

"(c) Defendants and witnesses should not be subjected to physical restraint while in court unless the trial judge has found such restraint reasonably necessary to maintain order. If the trial judge orders such restraint, the judge should enter into the record of the case the reasons therefor."

■ Accordingly, the Rule to Show Cause is made absolute and the case is remanded to the District Court for a hearing on the Motion for Disqualification with directions that the petitioner be allowed to appear *pro se* at the hearing without handcuffs and only under such other restraints as the Court may, in its discretion, deem to be necessary to maintain the security of the courtroom.