The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Jesse Boyd HAMRICK,
Defendant-Appellant.

No. 78–045.

Colorado Court of Appeals,
Div. II.

Feb. 1, 1979.

Rehearing Denied March 1, 1979.

Certiorari Granted June 11, 1979.

J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., David K. Rees, Asst. Atty. Gen., Denver, for plaintiff-appellee.

John E. Myles, Englewood, for defendant-appellant.

VAN CISE, Judge.

On the evening of January 14, 1977, defendant, Jesse Hamrick, and a companion, Jean Fernandez, went to the home of Howard Baumert (the victim) with whom Fernandez was acquainted, to borrow some money. After the trio had been drinking whiskey and listening to music for a couple of hours, the defendant went into the victim's bedroom, found a cudgel in the form of a nightstick, returned, and brutally beat the victim. He died a short time later. Defendant then took the victim's watch and wallet containing $76, and fled with Fernandez.

In the trial at which Fernandez was the state's principal witness, the defendant was convicted of felony murder during robbery, second degree murder—intent to cause serious bodily injury, aggravated robbery, and theft. The defendant appeals and we affirm.

I.

Defendant first contends that it was error for the trial court to deny his two

motions for a mistrial. The first motion was made after the defendant was escorted to the courtroom in handcuffs by an armed sheriff's officer, passing certain prospective jurors who were waiting in the hallway.

█ A defendant is entitled to appear before the jury unhandcuffed, "except as the necessary safety and decorum of the court may otherwise require." *Eaddy v. People*, 115 Colo. 488, 174 P.2d 717 (1946). The defendant should therefore not be brought into open court and before the entire jury panel in handcuffs when no necessity therefore exists. *Montoya v. People*, 141 Colo. 9, 345 P.2d 1062 (1959).

█ However, in the present case, defendant made no showing that any of the prospective jurors who viewed him in handcuffs actually sat on the jury which convicted him. Absent that showing, we will not infer that defendant has been prejudiced. *See People v. Rogers*, 187 Colo. 128, 528 P.2d 1309 (1974); *People v. Cardwell*, 181 Colo. 421, 510 P.2d 317 (1973).

Defendant also contends that it was error to deny his motion for a mistrial made after the following exchange took place on cross examination between the witness Fernandez and defense counsel:

"Q: Was it a condition of your plea bargain that the District Attorney agreed to a personal recognizance bond for you?

"A. Not until I—

"Q: Not until you testified?

"A: No, no; wait a minute now. I took a lie detector test first."

█ Whether a motion for mistrial should be granted is within the sound discretion of the trial court. *People v. Rogers, supra; People v. Elliston*, 181 Colo. 118, 508 P.2d 379 (1973). The People argue that the trial court did not abuse that discretion because the witness' statement was not prejudicial to defendant. We agree.

The witness was admonished by the District Attorney prior to trial not to mention the lie detector test. Her statement was made during vigorous cross examination and was apparently spontaneous and inadvertent. Also, the outcome of the test was not disclosed to the jury. Thus we cannot say that the trial court abused its discretion in denying a mistrial.

## II.

█ Defendant contends that it was error for the trial court to deny his motions for judgment of acquittal, made after the People rested and at the conclusion of all the evidence. These motions were directed only to the charge of first degree murder after deliberation, whereas on this charge defendant was ultimately convicted of the lesser included offense of second degree murder—intent to cause serious bodily injury. *See* §§ 18–3–102(1)(a) and 103, C.R.S. 1973 (1976 Cum.Supp.). He claims prejudice, however, because the jury was instructed on a higher degree of homicide than the evidence supported, and this rendered a conviction of the lesser offense more certain. He contends that the prosecution failed to establish a prima facie case that the murder occurred "after deliberation." We disagree.

"The term 'after deliberation' means not only intentionally but also that the decision to commit the act has been made after the exercise of reflection and judgment concerning the act." Section 18–3–101(3), C.R.S.1973 (1976 Cum.Supp.). We agree that the use of a deadly weapon is not in itself sufficient to show deliberation. *See People v. Mackey*, 185 Colo. 24, 521 P.2d 910 (1974). Here, however, there was other evidence of deliberation. Fernandez testified that the defendant left the room for a moment, and returned carrying a wooden stick, like a policeman's nightstick, and that when the victim saw the stick, he asked the defendant, "Where did you get that?" To this question, according to her testimony, the defendant replied, "In the bedroom," and began hitting the victim.

This evidence is sufficient to establish that the defendant acted after deliberation.

"The design to kill must precede the killing by an appreciable length of time, but that need not be long." *See People v. Duran,* Colo.App., 577 P.2d 307 (1978); *People v. Sneed,* 183 Colo. 96, 514 P.2d 776 (1973).

## III.

■ Perhaps the central issue at trial was whether the beating administered by defendant *caused* the victim's death. The People's expert witness, the pathologist who performed the autopsy on the victim, testified that the victim, who was 46 years old, had been an epileptic since age 4, and that the cause of death was cardiac arrest resulting from an epileptic seizure induced by the trauma of the beating. There was also evidence that the victim had been drinking heavily and that he was not taking his prescribed anticonvulsant medication. The defendant's expert testified that either the alcohol alone, or in combination with the failure to take anticonvulsants, might have precipitated the final seizure without the trauma. The People's expert controverted that testimony, and stated that the victim would not have died had the seizure been based merely on the lack of medication and the ingestion of alcohol.

Defendant contends that as a matter of law there was a reasonable doubt raised concerning the cause of death. *See People v. Strohm,* 185 Colo. 260, 523 P.2d 973 (1974); *Tate v. People,* 125 Colo. 527, 247 P.2d 665 (1952). However, viewing the evidence in the light most favorable to the People, *see People v. Martinez,* Colo., 553 P.2d 774 (1976); *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973), we conclude that the evidence of causation was not insufficient as a matter of law. *Cf. People v. Strohm, supra.*

## IV.

■ At the close of defendant's case, the defense requested that the prosecutor disclose the names of its rebuttal witnesses. The prosecutor stated that one would be a previously endorsed witness, but he refused to divulge which one. He stated that the other witness would be a person who was in charge of the records of the company for which a defense witness, Mr. Newton, worked.

After the rebuttal witnesses had testified, defense counsel reiterated the failure of the prosecutor to disclose the witnesses' names, whereupon the court asked counsel if he could indicate, having heard their testimony, how the defendant might have been prejudiced by not having the names. He was unable to indicate any prejudice.

Defendant contends that the trial court erred in not requiring disclosure of the names of the two rebuttal witnesses. However, neither Crim.P. 16, nor § 16–5–203, C.R.S.1973, specifically require the prosecution to endorse, *see Palmer v. People,* 162 Colo. 92, 424 P.2d 766 (1967), or to disclose *which* of the endorsed witnesses it will call for rebuttal. Nor is this a case like *People v. Edgar,* Colo.App., 578 P.2d 666 (1978), where there was "massive non-compliance" with proper discovery procedures by the prosecution. Thus there was no presumption of prejudice. And, since there was no showing of prejudice, no reversible error was committed here. *See People v. Zallar,* Colo., 553 P.2d 756 (1976).

## V.

Defendant also contends that the trial court erred in admitting into evidence five allegedly "shocking, gruesome and grotesque" 8 × 10 color photographs of the deceased victim's body, and in refusing to admit one of the defendant's exhibits. We do not agree.

■ Each of the five photographs was independently probative of some aspect of the People's case, and was therefore admissible and not unfairly prejudicial to the defendant. *See People v. Sepeda,* Colo., 581 P.2d 723 (1978); *Skeels v. People,* 145 Colo. 281, 358 P.2d 605 (1961).

■ Neither did the trial court err in refusing to admit defendant's exhibit, a

pair of men's black shoes. Jean Fernandez had testified that defendant's shoes were bloody when he left the victim's home, whereas the shoes offered were not bloody. However, the trial court properly refused to admit this evidence since the defense failed to establish that the shoes offered were the ones that the defendant had been wearing at the time of the commission of the crimes charged. *See People v. Penno*, 188 Colo. 307, 534 P.2d 795 (1975); *Stewart v. People*, 162 Colo. 122, 426 P.2d 548 (1967).

## VI.

 Defendant's tendered instructions relating to causation and supervening cause were refused by the trial court. Defendant claims this was error. This was not, however, a supervening cause case and an instruction on that issue would only have confused the jury. *Compare People v. Calvaresi*, 188 Colo. 277, 534 P.2d 316 (1975), *with People v. Sam*, 71 Cal.2d 194, 77 Cal. Rptr. 804, 454 P.2d 700 (1969).

 As to causation, we are satisfied that the instructions which set forth the elements of the offenses charged sufficiently apprised the jury of the existence of the causation element. Also, the causation issue was argued to the jury at length in closing arguments. Considering that "cause" is a word and concept within the ordinary comprehension of the jury, we conclude it was not error to fail to instruct on the meaning of that term. *See Simms v. People*, 174 Colo. 85, 482 P.2d 974 (1971); *Balfe v. People*, 66 Colo. 94, 179 P. 137 (1919).

## VII.

 Finally, defendant contends that there was sufficient cumulative error to require reversal. We disagree. Cumulative "technical errors may have a significance requiring a reversal in a *close* case." (emphasis added) *Oaks v. People*, 150 Colo. 64, 371 P.2d 443 (1962). And the test to be applied is whether defendant has received a fair trial. *People v. Reynolds*, Colo., 575 P.2d 1286 (1978). From a consideration of the record, we conclude that this was not a close case and that any technical errors which occurred, even when viewed cumulatively, did not result in the denial of a fair trial.

Judgment affirmed.

ENOCH and BERMAN, JJ., concur.